Ex parte Sherman **ADAMS.**

No. 69585.

Court of Criminal Appeals of Texas, En Banc.

April 16, 1986.

Sherman Adams, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These proceedings involve an application for writ of habeas corpus brought under the provisions of Article 11.07, V.A.C.C.P. See Ex parte Young, 418 S.W.2d 824 (Tex. Cr.App.1967).

Applicant was convicted of aggravated robbery upon his plea of guilty before the court and his punishment was assessed at 25 years' confinement in the Texas Department of Corrections. In his habeas corpus application he alleged his guilty plea was not knowingly and voluntarily or intelligently made as he did not have effective assistance of counsel. In essence, applicant alleged that as a result of a plea bargain he accepted the penalty of 25 years' imprisonment with the understanding that if his two co-defendants subsequently received a lesser penalty he would receive the same punishment; that later his two co-defendants each received a 10 year probated sentence and he is still serving his 25 year sentence.

Once the record of these proceedings reached this Court from the convicting court, see Article 11.07, supra, this Court ordered an evidentiary hearing in the district court to more fully develop appellant's allegations.

The convicting district court conducted an evidentiary hearing where applicant was represented by appointed counsel. Applicant called his court-appointed trial counsel as a witness. Such counsel testified that the district attorney offered a plea bargain of 40 years' imprisonment if the applicant entered a plea of guilty to the indictment charging aggravated robbery; that applicant expressed the fear that the two co-defendants, who had not been tried, would get less; that the district attorney agreed if the co-defendants got less than 40 years, "Sherman (applicant) would be brought back and get the same thing that they pled for. That was our agreement."

Trial counsel also testified that on February 3, 1981, applicant entered his plea of guilty and his punishment was assessed at 40 years' imprisonment in accordance with the plea bargain. Counsel related he filed a motion for a new trial, got the district attorney to join in such motion, and got the court to grant the same. Trial counsel read into the record a letter from the district attorney as to counsel's efforts to secure a reduction in sentence. Counsel further testified that after the new trial was granted the State offered applicant a trial on the aggravated robbery charges or a plea bargain for 25 years' imprisonment. Counsel made clear that this second plea bargain did not contain any agreement by the State that applicant would not get any more time than the co-defendants who still were to be tried. Counsel then revealed that applicant voluntarily entered a plea of guilty and his punishment was assessed by the court at 25 years' imprisonment in accordance with the new plea bargain. The letter earlier referred to also reflected that due to the continued efforts on the part of applicant's trial counsel the State had agreed not to protest applicant's parole when he became eligible therefor.

Counsel also revealed that applicant had another aggravated robbery indictment against him in Nueces County, and working with applicant's court-appointed counsel in that county, he was able to assist in obtaining, upon applicant's guilty plea, a 25 year sentence in Nueces County to run concurrently with the sentence now under attack. Counsel testified he sent applicant a "follow-up" letter after the second guilty

plea concerning the negotiations and the agreement. It did not refer to any further agreements with the State concerning the co-defendants.

The record reflects that subsequently both co-defendants received 10 years, probated, with a fine assessed, one after a trial and the other upon a plea of guilty before the court.[1]

Applicant testified that he had originally entered a guilty plea and received 40 years as a result of a plea bargain that he would not get more time than the co-defendants. He acknowledged that a new trial was granted, and that he pleaded guilty again for 25 years as part of a plea bargain. He later learned from one of the co-defendants they got less than 25 years, and felt the plea bargain had been broken. When asked why he thought that part of the first plea bargain had been carried over to the second plea bargain, he kept repeating that counsel told him at the time of the second plea "I wasn't going to let you get the bad end of the deal." It was upon this that applicant gained his impression. He acknowledged the district attorney had not related anything to him upon which he based his impression, and that there is no claim the court made any promises to him.

Applicant did say that his counsel told him to hurry and sign the documents before the court at the time of his second plea "before the court changed their (sic) mind and takes all of us to trial. So, this led me to believe that some type of agreement had been reached with the other co-defendants as well."

Applicant's trial counsel and the applicant were the only witnesses offered.

The trial court, at the conclusion of the evidentiary hearing, made findings of facts, but no conclusions of law. It found that applicant originally received 40 years as a result of a plea bargain that he would not receive more time than the co-defendants, that a new trial was granted, that the new plea bargain was entered, that the appli-

cant could have a trial or 25 years' imprisonment and that applicant received 25 years as his second sentence pursuant to the plea bargain. It found that subsequently co-defendant Michael Rozier was tried by a jury and received a 10 year probated sentence and a fine of $10,000, and co-defendant Marshall Rozier entered a plea before the court and received a 10 year probated sentence and a fine of $5,000.

■ The Court of Criminal Appeals is not bound by findings of the trial judge in post-conviction habeas corpus proceedings. *Ex parte Acosta*, 672 S.W.2d 470 (Tex.Cr. App.1984); *Ex parte Campos*, 613 S.W.2d 745 (Tex.Cr.App.1981); *Ex parte Hurd*, 613 S.W.2d 742 (Tex.Cr.App.1981); *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980); *Ex parte Harris*, 593 S.W.2d 330 (Tex.Cr. App.1979); *Ex parte Rains*, 555 S.W.2d 478 (Tex.Cr.App.1978). But such findings are considered, if supported by the record. *Ex parte Hurd, supra.*

It is well established that in post-conviction habeas corpus proceedings the burden of proof is upon the applicant and includes the burden of proving his factual allegations. See *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Cr.App.1982), cert. den. 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602; *Ex parte Salinas*, 660 S.W.2d 97 (Tex. Cr.App.1983); *Alexander v. State*, 598 S.W.2d 308 (Tex.Cr.App.1980); *Ex parte Sanders*, 588 S.W.2d 383 (Tex.Cr.App. 1979).

■ Essential requisite in attacking a plea of guilty on the ground of ineffective assistance of counsel is showing that the plea of guilty was unknowingly and involuntarily entered. *Glaze v. State*, 675 S.W.2d 768 (Tex.Cr.App.1984).

■ In the instant case the applicant failed to carry his burden of proof. He did not show that he was told by anyone, including his counsel, that the second plea

---

1. The record is not altogether clear, but it appears that co-defendants' convictions were for  the offense of robbery, not aggravated robbery.

bargain involved an agreement he would not get any more time than the co-defendants. He only surmised that from the remarks counsel made about not letting him get the "bad end of the deal" and signing the documents at the second trial before the court "takes all of us to trial." The applicant has failed to show that he received ineffective assistance of counsel as alleged. *Ex parte Duffy,* supra; *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hill v. Lockhart,* —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (The two-part test of *Strickland* applies to challenges to guilty pleas based on ineffective assistance of counsel.).

The relief prayed for is denied.