NO. 07-01-0409-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 26, 2002


______________________________



ANTHONY RAY GREEN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 351ST DISTRICT COURT OF HARRIS COUNTY;



NO. 874,095; HON. MARK KENT ELLIS, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, J.J.

 Appellant Anthony Ray Green was convicted by a jury of burglary of a habitation
with intent to commit aggravated assault upon Judy Green. His sole point of error involves
the trial court's refusal to exclude a photograph of Raymond Green, appellant's uncle and
one of the victims of the assault. The photograph depicts Raymond's nude upper torso,
i.e. stomach, chest, arms and head, as it appeared after he died of complications from the
assault. Also depicted are a sutured embalmer's incision measuring approximately four
inches on the neck of the decedent and a hole in his abdomen (measuring one-half inch)
through which the decedent was fed before dying. According to appellant, the picture was
inadmissible because its prejudicial effect substantially outweighed its probative value. 
This issue is identical to that raised in Cause No. 07-01-0408-CR, styled Anthony Ray
Green v. State, which also pends in this court. Consequently, we overrule the point of error
for the reasons expressed in our opinion issued this day in Cause Number 07-01-0408-CR
and affirm the judgment of the trial court.


 Brian Quinn

 Justice


Do not publish.



shown that he sent
a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal
is without merit. In addition, counsel has demonstrated that he notified appellant of his right
to review the record and file a pro se response if he desired to do so. Appellant did not file
a response. Neither did the State favor us with a brief.

 In July 2004, the State filed its motion to proceed with adjudication of guilt claiming
appellant failed to (1) provide his new address to authorities, (2) notify his community
supervision officer of his change of address, (3) pay supervision fees, (4) pay court costs,
restitution, and attorney's fees, (5) report to his community supervision officer, and (6)
complete a sex offender treatment program. At the revocation hearing, appellant pled true
to three of the six violations. After hearing testimony, the trial court concluded he had
violated the terms of his community supervision and sentenced him to four years
confinement. Appellant subsequently filed a notice of appeal.

 By his Anders brief, counsel advances several arguable grounds for appeal. The
first is whether appellant's guilty plea was entered voluntarily or knowingly. Counsel also
acknowledges the court did not admonish appellant at the revocation hearing in accordance
with article 26.13(a) of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art.
26.13(a) (Vernon Supp. 2004-05).

 Texas courts have held that where the record indicates a defendant has received
an admonishment as to punishment, that is prima facie evidence his guilty plea was
knowing and voluntary. Fuentes v. State, 688 S.W.2d 542, 544 (Tex.Cr.App. 1985). In
addition, article 26.13(d) provides that "[t]he Court may make the admonitions required by
this article either orally or in writing." Tex. Code Crim. Proc. Ann. art. 26.13(d).

 Prior to the revocation hearing, appellant was presented with and signed written plea
admonishments that were consistent with the requirements of article 26.13(a). He also
stipulated that he understood the admonishments and was aware of the consequences of
his plea. Upon a review of the record, we find appellant's plea was entered knowingly and
voluntarily and that he was properly admonished in accordance with the Code of Criminal
Procedure.

 We also find appellant was afforded effective assistance of counsel. See Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State,
726 S.W.2d 53, 55 (Tex.Cr.App. 1986). To establish ineffective assistance of counsel
following a guilty plea, appellant must establish (1) counsel's performance fell below an
objective standard of reasonableness under prevailing professional norms, and (2) there
is a reasonable probability that, but for counsel's errors, appellant would not have pled
guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 58, 106
S.Ct. 366, 88 L.Ed.2d 203, 210 (1985); Ex parte Adams, 707 S.W.2d 646, 649 (Tex.Cr.
App. 1986) (applying Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984)). 

 Here, trial counsel challenged the State's case by vigorously cross-examining
witnesses and raised several successful objections. Furthermore, we have already
determined appellant's guilty plea was entered voluntarily and knowingly. Thus, we find the
plea was not a consequence of any errors by counsel. Absent evidence regarding
counsel's trial strategy and provided the presumption that trial counsel's conduct falls within
the wide range of reasonable and professional representation, no reversible error is
demonstrated. See Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); Mallett v.
State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). 

 We have made an independent examination of the entire record to determine
whether there are any arguable grounds which might support this appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).