Opinion issued December 5, 2002




  





 



In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00828-CR




KENNETH RAY DENNIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 15
Harris County, Texas
Trial Court Cause No. 0979291 




O P I N I O N 

          Pursuant to a plea bargain, appellant, Kenneth Ray Dennis, pled guilty to the
misdemeanor offense of driving while intoxicated (DWI). The trial court found
appellant guilty and assessed punishment at 45 days’ confinement pursuant to the plea
agreement. In three points of error, appellant contends the trial court abused its
discretion in failing to grant his motion for new trial in which he complained his plea
was involuntary based on ineffective assistance of counsel. We affirm.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY 
          Appellant filed a timely motion for new trial and a motion in arrest of
judgment. At the motion for new trial hearing, appellant claimed that his guilty plea
was involuntary because his counsel forced him to plead guilty and failed to go over
the plea papers with him prior to his guilty plea. After considering the evidence,
including the testimony of appellant, appellant’s wife, and appellant’s trial counsel,
the trial court denied appellant’s motion for new trial. At the end of the hearing, on
the record, appellant stated his desire to appeal, and the trial court indicated its
consent.



 
DISCUSSION
          Standard of Review
          A guilty plea may be accepted by the trial court only when the defendant is
competent and the plea is free and voluntary. See Tex. Code Crim. Proc. Ann. art.
26.13 (Vernon Supp. 2002). An “attestation of voluntariness at the original plea
hearing imposes a heavy burden on the defendant at a later hearing to show a lack of
voluntariness.” Dusenberry v. State, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st
Dist.] 1996, pet. ref’d); see also State v. Jimenez, 987 S.W.2d 886, 888 (Tex. Crim.
App. 1999) (holding guilty plea voluntary when defendant was made fully aware of
the direct consequences of his plea); McNeill v. State, 991 S.W.2d 300, 302 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d, untimely filed) (holding that once accused
attests that he understands nature of his plea and that it was voluntary, he has heavy
burden to prove on appeal his plea was involuntary). There is a presumption of
regularity of the judgment and the proceedings absent a showing to the contrary, and
the burden is on the defendant to overcome this presumption. Ex parte Wilson, 716
S.W.2d 953, 956 (Tex. Crim. App. 1986); Dusenberry, 915 S.W.2d at 949.
          In attacking a guilty plea on the ground of ineffective assistance of counsel, the
essential requirement is a showing that the plea of guilty was unknowingly and
involuntarily made. Ex parte Adams, 707 S.W.2d 646, 648 (Tex. Crim. App. 1986). 
          In Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985), the
Supreme Court held that the two-part test announced in Strickland v. Washington,
466 U.S. 668, 104 S. Ct. 2052 (1984) applies to challenges to guilty pleas based on
ineffective assistance of counsel. See also Ex parte Adams, 707 S.W.2d at 649. 
Under the first part of the Strickland test as applied to guilty pleas, the defendant
must show that his counsel’s performance fell below an objective standard of
reasonableness. Once this burden is met, a defendant must show that there is a
reasonable probability that, but for counsel’s errors, he would not have entered his
plea and would have insisted on going to trial. Hill, 474 U.S. at 59, 106 S. Ct. at
370-71; Ex parte Pool, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987); Ex parte
Dumitru, 850 S.W.2d 243, 245 (Tex. App.—Houston [1st Dist.] 1993, no pet.). 
          Whether the Strickland standard has been met is to be judged by the totality of
the representation rather than by isolated acts or omissions of trial counsel; and the
test is applied at the time of the trial, and not through hindsight. Rodriguez, 899
S.W.2d 658, 665 (Tex. Crim. App. 1995); Henderson v. State, 29 S.W.3d 616, 624
(Tex. App.—Houston [1st Dist.] 2000, pet. ref’d); Darby v. State, 960 S.W.2d 370,
371 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). The burden of proving
ineffective assistance of counsel rests upon the appellant to prove such a contention
by a preponderance of the evidence. Rodriguez, 899 S.W.2d at 665; Moore v. State,
694 S.W.2d 528, 531 (Tex. Crim. App. 1985). Furthermore, we must indulge in a
strong presumption that the counsel’s conduct was reasonable. Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065. Accordingly, the allegation of ineffective assistance must
be firmly founded and affirmatively demonstrated in the record. Rodriguez, 899
S.W.2d at 665; Henderson, 29 S.W.3d at 624.
          It is well settled that, at a hearing on a motion for new trial, the trial judge is
the trier of fact and the judge’s findings should not be disturbed unless abuse of
discretion has been demonstrated. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995); Keady v. State, 687 S.W.2d 757, 759 (Tex. Crim. App. 1985). When a
defendant claims he did not have effective assistance of counsel during trial, the
decision whether to grant a motion for new trial is within the trial court’s discretion. 
Messer v. State, 757 S.W.2d 820, 827 (Tex. App.—Houston [1st Dist.] 1988, pet.
ref’d). In considering a motion for new trial, the trial judge has the discretion to
assess the credibility of witnesses and weigh the evidence to determine whether a
different result would occur upon retrial. Id. Moreover, the trial judge, as the trier
of facts, is free to believe one person’s testimony over another. Russell v. State, 711
S.W.2d 114, 116 (Tex. App.—Houston [14th Dist.] 1986, pet. ref’d). Accordingly,
we will not substitute our judgment for that of the trial court, but rather decide
whether the trial court’s decision was arbitrary or unreasonable. Lewis, 911 S.W.2d
at 7. 
          The Evidence
          During the motion for new trial hearing, appellant testified that his attorney,
Mr. Godinich, never discussed with him the terms of the plea agreement prior to the
time he entered his guilty plea. Appellant also claimed that he told Mr. Godinich that
he wanted to go to trial because he was not guilty of DWI. He claimed that, on the
night he was arrested, his wife, Merla Dennis, was the person who was really driving
the car. He contends that Mr. Godinich knew about his defense, but nevertheless
forced him to plead guilty. Appellant stated that Mr. Godinich was not willing to go
to trial because appellant had not paid him for his services. Appellant also stated that
Mr. Godinich threatened him that, if he did not plead guilty, he would go to jail for
a long time. 
          However, during cross-examination, appellant testified as follows:
          Q.      Mr. Dennis, do you remember being up at the bench and taking your
plea or actually pleading on this case before the judge?
 
          A.      Yes, ma’am.
 
          Q.      Do you remember the Judge asking you if anyone forced you to get you
to make this plea?
 
          A.      Yes, ma’am.
 
          Q.      And do you remember answering no?
 
          A.      Yes.
 
          Q.      Do you recall the Judge asking you if anyone had threatened you to get
you to make this plea?
 
          A.      Yes, ma’am.
 
          Q.      And what was your answer?
 
          A.      No.

          . . . . 
 
          Q.      And do you recall the Judge asking you if you were pleading guilty for
no reason other than you are guilty?
 
          A.      Yes, ma’am.
 
          Q.      And what was your answer to that?
 
          A.      I pled. I pled.

          Appellant further acknowledged during cross-examination that he had
approximately 10 prior misdemeanor and felony convictions in Harris County, and
two prior misdemeanor convictions in Austin County. 
          During appellant’s wife’s testimony, she claimed that she was the driver of the
vehicle the night appellant was arrested. She stated that she was present during her
husband’s initial interview with Mr. Godinich and she told him that she was the
driver of the vehicle instead of her husband.
          Next, in rebuttal, the State called Mr. Godinich. He testified that, during his
initial meeting with appellant, he was never told that appellant’s wife was actually
driving the car the night appellant was arrested. He stated that he remembered
meeting appellant’s wife at the first interview, but stated that “she sat in [his] office
and didn’t say very much at all.” He also testified that whether he was paid his fee
was not an issue with respect to appellant’s decision to plead guilty. He stated that
he never threatened or coerced appellant to plead guilty and that, in his opinion,
appellant voluntarily signed the plea papers. He further testified that he read and
went over the plea papers “verbatim” with appellant before he signed them. 
          In addition, the record contains the written plea agreement that was signed by
appellant. The record contains a statement by the trial judge accompanying
appellant’s plea of guilty, verifying that he had ascertained that appellant’s plea was
made voluntarily. The record reflects that appellant was advised of the range of
punishment for the offense of misdemeanor DWI and the consequences of his guilty
plea. In the plea papers signed by appellant, he acknowledges that he fully consulted
with his attorney regarding the consequences of his guilty plea, he was satisfied with
the representation provided, he received effective and competent representation, and
that his plea was made voluntarily and knowingly. The written admonishments given
to appellant were signed not only by appellant, but by appellant’s counsel, the
prosecuting attorney, and the trial judge. 
          The trial court was entitled to believe Mr. Godinich’s testimony that he did not
threaten appellant and that appellant’s plea was voluntary. Messer, 757 S.W.2d at
827. The trial court heard the evidence concerning appellant’s attorney and his
representation and determined that the presumption of counsel’s effectiveness had not
been overcome. The record supports a finding that appellant’s guilty plea was
voluntary and not a result of ineffective assistance of counsel. We find no abuse of
discretion by the trial judge.
          We overrule appellant’s first, second, and third points of error and affirm the
judgment of the trial court.


                                                                        Margaret Garner Mirabal
                                                                        Justice
 
Panel consists of Justices Mirabal, Nuchia, and Price.



Do not publish. Tex. R. App. P. 47.4.