Opinion issued February 19, 2004



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01158-CR




PATRICK BALLARD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 41,372




MEMORANDUM OPINION

          Appellant, Patrick Ballard, pleaded guilty before a jury to the offense of
possession of a prohibited substance in a correctional facility. See Tex. Pen. Code
Ann. § 38.11 (Vernon Supp. 2004). However, appellant pleaded not true to 
enhancement paragraphs, alleging that he had six previous felony convictions. The
jury found appellant guilty, found true all six enhancement allegations, and assessed
punishment at 28 years’ confinement. In his sole point of error, appellant contends
that he was deprived of effective assistance of counsel and, thus, his plea was
involuntary. We affirm.
Anders Brief
          Appellant’s appointed counsel moved to withdraw from appellant’s
representation on appeal and, in support, submitted a brief stating her opinion that the
appeal was without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting a professional
evaluation of the record and stating why there are no arguable grounds for error on
appeal. Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000,
no pet.). Counsel advised appellant of her evaluation of the appeal, sent appellant a
copy of her Anders brief and the record, and informed appellant of his right to file a
pro se response. Thereafter, appellant timely filed a pro se response. 
Background
          Prior to trial, the trial court admonished appellant regarding his waiver of
constitutional rights in pleading guilty, and, when satisfied that appellant’s guilty plea
was voluntary, accepted appellant’s guilty plea without a plea bargain. After a jury
was selected, appellant pleaded guilty to the indictment before the jury, and the jury
found appellant guilty of the offense as instructed by the trial court. After the
punishment phase, the jury found the enhancement allegations to be true and assessed
punishment at 28 years’ confinement. Appellant subsequently filed a motion for new
trial on the grounds that the punishment assessed was cruel and unusual punishment;
however, the motion was denied.


 
Discussion
          In a single point of error, appellant asserts that his guilty plea was involuntary
because of ineffective assistance of counsel. Specifically, appellant complains that his
counsel did not provide him with effective assistance because counsel mistakenly
advised appellant that any sentence he received would run concurrently with the
sentence he was presently serving. Appellant contends that, based upon this erroneous
information, he withdrew his plea of not guilty and, instead, pleaded guilty.
          In attacking a guilty plea on the ground of ineffective assistance of counsel, the
essential requirement is a showing that the plea of guilty was unknowingly and
involuntarily made. Ex parte Adams, 707 S.W.2d 646, 648 (Tex. Crim. App. 1986). 
The two-part test announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984) applies to guilty-plea challenges based on ineffective assistance
of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985); see also
Ex parte Adams, 707 S.W.2d at 649. 
          Under the Strickland test, as applied to guilty pleas, the defendant must first
show that trial counsel’s performance fell below an objective standard of
reasonableness based upon prevailing norms. Strickland, 466 U.S. at 688. The
defendant must show that trial counsel’s advice fell outside the range of competence
demanded of attorneys in criminal cases. Ex parte Morrow, 952 S.W.2d at 536. A
defendant must then show that there is a reasonable probability that, but for trial
counsel’s errors, the defendant would not have entered the plea and would have
insisted on going to trial. Hill, 474 U.S. at 59, 106 S. Ct. at 370-71; Ex parte Morrow,
952 S.W.2d at 536. Appellant has the burden to establish both of these prongs by a
preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998); Davis v. State, 830 S.W.2d 762, 765 (Tex. App.—Houston [1st Dist.]
1992, pet. ref’d). Failure to make the required showing of either deficient performance
or sufficient prejudice defeats the ineffectiveness claim. Strickland, 466 U.S. at 700,
104 S. Ct. at 2071. Here, we need not address the first prong of the Strickland test
because appellant has failed to meet the second prong; that is, appellant fails to show
that, but for counsel’s alleged error, he would not have pleaded guilty.
          In this case, appellant argues that his trial counsel did not provide him with
effective assistance because counsel mistakenly advised him that any sentence he
received would automatically run concurrently with the sentence he was presently
serving. In support of his argument, appellant points to the following exchange that
transpired during the pretrial hearing: 
APPELLANT’S COUNSEL: And do you also understand that any
sentence you receive in this case is going to be, by law, concurrent [sic]
with the sentence that you’re already serving?
 
DEFENDANT: Correct; I understand. 
 
Appellant argues that this single statement rendered counsel’s performance deficient,
by alleging that, had he known that his sentences could not run concurrently, he would
not have pleaded guilty, but, instead, would have insisted upon a jury trial.


 However,
this allegation is not supported by the record. 
          A careful review of the record indicates that appellant voluntarily entered a plea
of guilty prior to his counsel’s misstatement. The following are the pertinent sections
of the record reflecting appellant’s pretrial guilty plea:
TRIAL COURT: I’m informed at this time that you wish to change that
plea to “Guilty,” but go to the jury on the matter of punishment. Is that
right?
 
APPELLANT: Yes, sir.
 
TRIAL COURT: All right. You do understand you do have the right to
a jury trial on the matter of guilt or innocence.
 
APPELLANT: I understand.
 
TRIAL COURT: You want to waive that right, is that right?
 
APPELLANT: I want to waive that right, your Honor.
 
TRIAL COURT: All right, sir. And you understand the range of
punishment—
 
APPELLANT’S TRIAL COUNSEL: Well, Your Honor, he’s still going
to—he’s still going to the jury—he’s got to go to the jury on—
 
TRIAL COURT: Yeah, he said on punishment.
 
APPELLANT’S TRIAL COUNSEL: But you have to—
 
TRIAL COURT: But he’s waiving his right to a jury trial on the issue of
guilt. 
 
APPELLANT’S TRIAL COUNSEL: Right.
 
TRIAL COURT: Which is what I asked.
 
APPELLANT’S TRIAL COUNSEL: Right, but he still has to—he’s
going to have to—the jury still has to be involved in that.
 
TRIAL COURT: Right.
 
APPELLANT’S TRIAL COUNSEL: I just wanted to make sure we’re
clear. Sorry, I didn’t mean to interrupt you.
 
TRIAL COURT: He has the right to have the jury decide the matter of
guilt or innocence.
 
APPELLANT’S TRIAL COUNSEL: That’s right.
 
TRIAL COURT: But you don’t want the jury to do that.
 
APPELLANT: I’m waiving that.
 
TRIAL COURT: Right, to have the jury decide the issue of guilt and
enter a plea of guilty at this time?
 
APPELLANT: Yes, sir.
 
TRIAL COURT: All right, we all understood it. And further, you
understand, in doing that, the range of punishment for a third degree,
without any enhancement, would be not less than 2 years, nor more than
10 years and a fine of up to $10,000 could be imposed?
 
APPELLANT: Yes sir.
 
TRIAL COURT: And you understand that – further, that the range of
punishment for the felony offense of a prohibitive substance in a
correctional facility, as a repeat offender, would be by confinement of a
term of not more than 20 years nor less than 2 years and the range of
punishment for possession of a prohibitive substance in a correctional
facility as an habitual would be not less [sic] than 99 years or would be
a term of not more than 99 years, nor less than 25 years or life and you’re
going to leave—you’re going to enter a plea of “Not true,” I understand,
on the enhancements, is that right, and go to the jury on the matter of
punishment?
 
APPELLANT: Right. Right.
 
TRIAL COURT: But you are facing those ranges of punishment if they
find those allegations are true by the prior convictions that are alleged in
the indictment and well, then you could receive up to the range that we
just discussed.
 
APPELLANT: Right, your Honor.
 
TRIAL COURT: All right.
 
APPELLANT: I understand.
 
TRIAL COURT: Now, further, you never have been adjudged insane or
had any mental health problems before, have you?
 
APPELLANT: No, sir, your Honor.
 
TRIAL COURT: All right. You do understand that a plea of guilty or
nolo contendre could result—could result in your being deported, failure
to receive naturalization, failure to readmit you to the country. You’re
not worried about that?
 
APPELLANT: No, sir.
 
TRIAL COURT: All right, and nobody’s punished you [sic] — promised
you a pardon? You haven’t got any delusive hope of pardon, I take it?
 
APPELLANT: No, sir, your Honor.
 
TRIAL COURT: All right, and you are entering this plea voluntarily
then, you haven’t been promised or threatened to make you do it in any
way?
 
APPELLANT: No sir.
 
TRIAL COURT: It’s voluntarily and for no other reason?
 
APPELLANT: Voluntary.
 
TRIAL COURT: All right. I’ll accept the plea of guilty, satisfied it’s
voluntary. And are there any exhibits at this time?
 
STATE: None at this time, your Honor.
 
TRIAL COURT: All right, not at this time. All right, and anything to add
to what we’ve already done? 
 
After the trial court accepted appellant’s guilty plea, appellant’s counsel questioned
appellant in a brief examination. It was during this examination that appellant’s
counsel used the word “concurrent” instead of “consecutive” with regard to the
punishment range. 
          Later, during the charge conference, the record shows that appellant was present
when appellant’s counsel objected to the fact that appellant’s sentence “by law, [sic]
must be stacked on top of [his current] sentence,” on the grounds that it was cruel and
unusual punishment. The trial court overruled the objection. Subsequently, the trial
court charged the jury as follows: 
Under the law applicable in this case, if a defendant is sentenced for an
offense committed while the defendant was an inmate in the institutional
division of the Texas Department of Criminal Justice and the defendant
has not completed the sentence he was serving at the time of the offense,
the judge shall order the sentence for the subsequent offense to
commence immediately on completion for the original offense.
 
          Thus, the record reveals two instances wherein appellant was present during
discussion of the “stacking” of his sentences, such that he had sufficient opportunity
to consider the information and decide whether or not to complain. Although
appellant filed a motion for new trial, he did not claim that his plea was involuntary
because he believed that his sentences would run concurrently. Instead, appellant
argued that the sentence imposed, 28 years’ confinement, was cruel and unusual
punishment. Thus, appellant has not provided any evidence that, but for counsel’s
misstatement, he would not have entered a guilty plea.


 Nothing in the record
undermines our confidence in the proceedings. Because appellant’s ineffective
assistance claim is not demonstrated in the record, we hold that he has not met his
burden of proving that his trial counsel was ineffective. Rodriquez v. State, 899
S.W.2d 658, 665 (Tex. Crim. App. 1995). Accordingly, we overrule appellant’s sole
point of error.
Conclusion
          We affirm the judgment of the trial court. 
          We grant appellate counsel’s motion to withdraw. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Counsel still has a
duty to inform appellant of the result of this appeal and also to inform appellant that
he may, on his own, pursue discretionary review in the Court of Criminal Appeals. 
Id. at 771-72; see Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). 
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Higley.
Do not publish. Tex. R. App. P. 47.2(b).