NO. 07-04-0579-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 10, 2005

_____

CHRISTOPHER SCOTT HICKENBOTTOM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 36,037-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Christopher Scott Hickenbottom was sentenced to ten years of community supervision after pleading guilty to indecency with a child by sexual contact. Following a hearing on the State's motion to proceed with adjudication of guilt, the trial court revoked appellant's community supervision and sentenced him to four years confinement. In

presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so. Appellant did not file a response. Neither did the State favor us with a brief.

In July 2004, the State filed its motion to proceed with adjudication of guilt claiming appellant failed to (1) provide his new address to authorities, (2) notify his community supervision officer of his change of address, (3) pay supervision fees, (4) pay court costs, restitution, and attorney's fees, (5) report to his community supervision officer, and (6) complete a sex offender treatment program. At the revocation hearing, appellant pled true to three of the six violations. After hearing testimony, the trial court concluded he had

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

violated the terms of his community supervision and sentenced him to four years confinement. Appellant subsequently filed a notice of appeal.

By his *Anders* brief, counsel advances several arguable grounds for appeal. The first is whether appellant's guilty plea was entered voluntarily or knowingly. Counsel also acknowledges the court did not admonish appellant at the revocation hearing in accordance with article 26.13(a) of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2004-05).

Texas courts have held that where the record indicates a defendant has received an admonishment as to punishment, that is *prima facie* evidence his guilty plea was knowing and voluntary. Fuentes v. State, 688 S.W.2d 542, 544 (Tex.Cr.App. 1985). In addition, article 26.13(d) provides that "[t]he Court may make the admonitions required by this article either orally or in writing." Tex. Code Crim. Proc. Ann. art. 26.13(d).

Prior to the revocation hearing, appellant was presented with and signed written plea admonishments that were consistent with the requirements of article 26.13(a). He also stipulated that he understood the admonishments and was aware of the consequences of his plea. Upon a review of the record, we find appellant's plea was entered knowingly and voluntarily and that he was properly admonished in accordance with the Code of Criminal Procedure.

We also find appellant was afforded effective assistance of counsel. *See* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). To establish ineffective assistance of counsel following a guilty plea, appellant must establish (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's errors, appellant would not have pled guilty and would have insisted on going to trial. *See* Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203, 210 (1985); Ex parte Adams, 707 S.W.2d 646, 649 (Tex.Cr. App. 1986) (applying Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Here, trial counsel challenged the State's case by vigorously cross-examining witnesses and raised several successful objections. Furthermore, we have already determined appellant's guilty plea was entered voluntarily and knowingly. Thus, we find the plea was not a consequence of any errors by counsel. Absent evidence regarding counsel's trial strategy and provided the presumption that trial counsel's conduct falls within the wide range of reasonable and professional representation, no reversible error is demonstrated. *See* Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001).

We have made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v.

4

Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.