IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00224-CV

 

In
re Charles D. Hadley

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Charles D. Hadley seeks a
writ of mandamus compelling the Honorable Robert Mayfield, Judge of the Count
Court at Law No. 1 of Johnson County, and Cindy Monger, Civil Coordinator for
the County Court at Law No. 1, to set a hearing on post-judgment motions he has
filed in connection with a parental-rights termination decree and to rule on
those motions.  We will deny Hadley’s mandamus petition because he had an
adequate remedy by appeal.

            Respondent signed the decree
terminating Hadley’s parental rights in July 2002.  According to Hadley, the
termination decree permits him to send written correspondence to the children
once per month until they are adopted.  The decree also gives the Department of
Family and Protective Services “sole discretion” regarding whether to forward
such correspondence to the children if it is deemed “inappropriate in any
way.”  Hadley contends that the Department has not been forwarding his letters
to the children.

            Hadley filed a motion for a
hearing in December 2009 seeking to conduct discovery regarding the
Department’s failure to comply with this provision of the termination decree.  He
filed a motion to enforce this provision in March 2010, contending that this
provision is “vague and overly broad.”  By letter dated April 19, 2010, Monger
advised Hadley that he had no legal standing because he signed an affidavit
relinquishing his parental rights.

            Hadley acknowledges in his
motion to enforce that, under the terms of the decree, the Department has sole
discretion regarding whether to forward his letters to the children.  His
motion to enforce challenges the validity of this provision.

Hadley could have challenged this
provision of the termination decree by direct appeal.  “Mandamus is not
available if another remedy, though it would have been adequate, was not timely
exercised.”  See In re Pannell, 283 S.W.3d 31, 36 (Tex. App.—Fort
Worth 2009, orig. proceeding)); accord In re Carson, 12 S.W.3d 886, 888
(Tex. App.—Texarkana 2000, orig. proceeding).  Accordingly, the mandamus petition is denied.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Petition denied

Opinion
delivered and filed August 25, 2010

[OT06]








 






ds of ineffective assistance of counsel is not among
the grounds listed in Rule 30 of the Rules of Appellate Procedure. Tex. R. App. P. 30. The trial
court may, in its discretion, grant a motion for new trial in a criminal case on the ground that
justice so requires. State v. Gonzales, 820 S.W.2d 9, 12 (Tex. App.—Dallas 1991, pet. granted). 
Presumably, if the court had found that a constitutional violation occurred at trial—e.g., ineffective
assistance of counsel—it should and would have granted a new trial in the interest of justice. 
      An essential requisite in attacking a plea of guilty on the ground of ineffective assistance of
counsel is a showing that the plea of guilty was not knowingly and voluntarily entered. Ex parte
Adams, 707 S.W.2d 646, 648 (Tex. Crim. App. 1986). The United States Supreme Court
established a two-prong test for analyzing a claim of ineffective assistance of counsel in Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test also applies to
challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S.
52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Under the first prong of the test, Shepard
must show that his trial counsel's performance fell below an objective standard of reasonableness. 
See id., 474 U.S. at 57, 106 S.Ct. at 369. Once this burden is met, Shepard must show that there
is a reasonable probability that, but for counsel's errors, he would not have entered his pleas and
would have insisted on going to trial. See id., 474 U.S. at 59, 106 S.Ct. at 370. 
      The Strickland standard has been adopted for ineffective assistance claims arising under
Article 1, Section 10, of the Texas Constitution. Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex.
Crim. App. 1986). The right to reasonably effective counsel does not mean errorless counsel or
counsel whose competency is judged by hindsight. Saylor v. State, 660 S.W.2d 822, 824 (Tex.
Crim. App. 1983). Rather, the right to counsel affords an accused an attorney "reasonably likely
to render and rendering reasonably effective assistance." Cannon v. State, 668 S.W.2d 401, 402
(Tex. Crim. App. 1984). The burden of proving ineffective assistance of counsel is on Shepard
and it must be proved by a preponderance of the evidence. See id. at 403.
      Shepard was accused of aggravated sexual assault in cause number 617917. The alleged
assault occurred on November 15, 1991. Trial counsel was appointed and met briefly with
Shepard on December 13. A subsequent complaint against Shepard was filed on December 24,
charging him with a sexual assault that occurred on July 24, 1991. Shepard had previously been
placed on deferred adjudication in 1990 for the burglary of a motor vehicle in cause number
560394. The State filed a Motion to Adjudicate Guilt in the burglary case. Appointed counsel
represented Shepard in all three cases.
      On February 3, Shepard waived indictment and pleaded guilty in both sexual assault cases. 
The court sentenced him to twenty years in each case and made an affirmative finding that a deadly
weapon had been used. Shepard pleaded "true" to the Motion to Adjudicate Guilt in the burglary
of a motor vehicle case and was sentenced to ten years. In entering his guilty plea to the sexual
assaults, the court asked Shepard if he was pleading guilty "because you are guilty and not because
of any promises, not because of any fear, not because of any persuasion, but because you are
guilty and for no other reason?" Shepard responded, "Yes." The court admonished Shepard on
the range of punishment—five to ninety-nine years or life for the aggravated sexual assault and two
to twenty years for the sexual assault. The court further admonished him that it was not bound
by the State's recommendation of twenty years. Shepard acknowledged that he understood the
plea bargain. 
      Shepard also responded "yes" when asked whether he had had ample time to visit with his
attorney, whether his attorney had been able to answer his questions, and whether he was satisfied
with his attorney. He likewise answered "yes" when asked whether he had reviewed his judicial
confession with his attorney. He responded "no," however, when asked if he had any questions
of the court. On his plea of "true" to the Motion to Adjudicate Guilt, the court asked him if he
was "pleading true because the allegations in the motion are true and for no other reason," to
which Shepard responded "yes."
      At the hearing on the motion for new trial, Shepard's wife testified that she and her husband
were at the movies with friends on July 24—the night of the first assault. She stated that she
remembered the events of the evening because she was confronted by the victim the next day. She
testified that she and Shepard were at her parents home the evening of November 15—the date of
the second assault. Two friends testified that they were at the movies with the Shepards on the
night of July 24. Affidavits from Shepard's in-laws stated that he was at their home on the
evening of November 15. The gist of Shepard's ineffective assistance claim is that trial counsel
did not conduct an independent investigation of the facts—thereby failing to raise an alibi defense.
      Trial counsel testified that he instructed Shepard to make a witness list but did not receive one
from him. He testified that he met with Shepard's wife and mother for two to three hours on
January 2, 1992, that Mrs. Shepard lied to him by saying she knew nothing of the July 24th
incident, and that she failed to show for a later appointment. Counsel stated that no one, including
Shepard, ever told him that Shepard was elsewhere on the nights in question. He explained that
his policy is to go to trial if a defendant wants a trial and that he would not have allowed Shepard
to plead guilty if he had insisted on his innocence. Regarding the plea bargain of twenty years,
he told Shepard not to agree to it if he was not guilty, but to take it if he was guilty. Counsel
testified that, in his professional opinion, Shepard would have received a life sentence if a jury had
found him guilty.
      Shepard testified that his trial counsel was "snobbish," that counsel never discussed the facts
of the cases or possible defenses with him, and that he wanted to go to trial but had no choice but
to accept the plea bargain "because [counsel] wasn't representing me right." Shepard stated that
his attorney asked him for a list of character witnesses, but he couldn't remember if he asked for
a list of fact witnesses. He testified that, if he had had an attorney with whom he could have
communicated and explained his defenses, he would not have pleaded guilty but would have gone
to trial. He testified, however, that he had lied to the court under oath on February 3 when he
stated that he was pleading guilty because he was guilty. He admitted that he never complained
to his attorney about his representation. He also testified that he telephoned his attorney regarding
the proposed plea bargain, "I told him that I wanted to go with the plea bargain, but I never said
anything about going into a guilty plea." 
      To invalidate a guilty plea on the ground of ineffective assistance of counsel, Shepard must
show that the plea was not knowingly and voluntarily entered. See Ex parte Adams, 707 S.W.2d
at 648. He claims his plea was involuntary as a result of his counsel's failure to investigate his
alibi defense. Shepard must show that his attorney's representation fell below an objective
standard of reasonableness. See Hill, 474 U.S. at 57, 106 S.Ct. at 369. Trial counsel testified
that he requested a list of fact witnesses from Shepard but did not receive one. He testified that
no one—including Shepard—ever indicated that Shepard was "elsewhere" on the nights of the
assaults. Counsel's review of the district attorney's file revealed that two women had identified
Shepard as their assailant, both had been similarly attacked, and both were abducted from the same
place—less than two blocks from Shepard's apartment. 
      Shepard's wife testified that counsel was rude to them and "cut them off" when they tried to
go into details of the assaults. However, she admitted that she and other family members had a
three- to four-hour session with counsel on January 2. Counsel estimated the session at one- to
two-hours. Mrs. Shepard distinctly remembered being at the movies on July 24 because the next
day she was confronted by the victim of the first attack. By tracing a check Shepard had given
her mother on November 15, she then determined that she and Shepard had been with her parents
on the night of the second assault. Although she had alibi information for both nights, she never
passed this information along to her husband's attorney. Furthermore, while her husband was in
jail, they talked almost daily by phone—yet Shepard never told his attorney about these events. 
Shepard recalls being asked to produce a character witness list but did not remember whether his
attorney had asked him to prepare a list of fact witness. Regardless, he did not produce either list. 
By his own testimony, Shepard called his attorney expressing his desire to accept the plea bargain. 
      Shepard did not prove by a preponderance of the evidence that his trial counsel's performance
fell below an objective standard of reasonableness. See Cannon, 668 S.W.2d at 403. Thus, we
do not find that his pleas were unknowingly and involuntarily entered. See Ex parte Adams, 707
S.W.2d at 648. We overrule the point in each cause.
      We affirm the judgments.
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 30, 1992
Do not publish