NO. 07-11-00135-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 4, 2012

_____

ERON NEMIQUE KINLEY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 61,788-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Eron Nemique Kinley entered an open plea of guilty to possession of fifty pounds or less but more than five pounds of marijuana.[1]  A jury assessed punishment at confinement in prison for four years and a fine of $5,000.  On appeal, appellant asserts the trial court was obligated, *sua sponte,* to withdraw appellant's guilty plea and enter a plea of not guilty in the face of evidence raising a fact issue of

_____

[1] *See* Tex. Health & Safety Code Ann. § 481.121(a) (West 2010).  Based on the quantity of drug possessed, the offense is a felony of the third degree.  *Id.* at § 481.121(b)(4).

innocence, and asserts his counsel erroneously advised him to plead guilty. We will affirm.

## Background

While unemployed and living in Paris, Tennessee, appellant was contacted by an acquaintance, Chris Brown. Brown possessed a car rented for four days by Steve Davis, also an acquaintance of appellant. Brown asked appellant to drive him to Memphis, Tennessee, in the rent car as Brown had no driver's license. Appellant accommodated Brown's request.

The two remained in Memphis less than twelve hours. While there, Joseph Penny, a "mutual friend" in Tucson, Arizona, called appellant and Brown and asked them to come to Tucson. Appellant and Brown then drove to Tucson.

While in Tucson, Brown had access to the car in the absence of appellant for about one and a half to two hours. Brown and appellant were in Tucson only three or four hours before departing for Tennessee.

As appellant and Brown passed through Potter County on the return trip to Tennessee they were stopped by a Department of Public Safety trooper. Concerning the facts of the stop, the record is meager. Nevertheless, during the course of the stop the record indicates a quantity of marijuana was discovered in the vehicle occupied by appellant and Brown. Appellant was arrested and indicted.

The case against appellant proceeded to trial on March 9, 2011. Appellant entered an open plea of guilty. The court found appellant guilty and released a jury

panel.  The State presented its punishment evidence and rested.  Appellant then testified.  On direct and then cross-examination, he denied knowledge of the marijuana found in the vehicle.  The court rejected appellant's guilty plea and ordered the case set for trial.

The following day, March 10, another jury panel was assembled for trial of appellant's case.  Before beginning voir dire, the prosecutor announced to the panel that commencement of trial that morning was delayed by "some meetings," apparently with appellant and his counsel.  As a result, he continued, appellant intended to plead guilty.  Thus the jury selected would determine punishment only.

After the jury was impaneled and the indictment read, appellant entered a plea of guilty.  Without reference to the proceedings of the previous day, the court admonished appellant and accepted his plea.  On the instruction of the court, the jury returned a verdict of guilty.

At the punishment phase, the State introduced four exhibits and rested.  Appellant presented no punishment evidence.  The jury then returned a verdict assessing a term of confinement and a fine.  Appellant filed a notice of appeal and motion for new trial.  The motion for new trial was overruled by operation of law.

Analysis

In his first issue, appellant argues the trial court was obligated to withdraw his guilty plea, *sua sponte*.  As we understand appellant's argument, error occurred on the second day of trial when he entered a guilty plea.  The trial court, with knowledge of the

testimony from the previous day, should have refused to accept the plea and *sua sponte* entered a plea of not guilty for appellant.

To support his argument appellant points us to *Griffin v. State* where the Court of Criminal Appeals said, "[i]n any case where evidence is introduced which reasonably and fairly raises an issue as to the innocence of the accused and is not withdrawn, the defendant's guilty plea must be withdrawn and a plea of not guilty must be *sua sponte* entered by the court." 703 S.W.2d 193, 195 (Tex.Crim.App. 1986). We disagree that *Griffin* guides our disposition of this issue.

Appellant never brought to the attention of the trial court the matters he now contends constitute error. In *Mendez v. State,* the Court of Criminal Appeals explained that once a defendant makes a valid waiver of his right to plead not guilty, "it is appropriate that the defendant be required to take some affirmative action to don the armor again." 138 S.W.3d 334, 350 (Tex.Crim.App. 2004). Absent a timely request by the defendant to withdraw his plea of guilty, he cannot complain on appeal that the trial court failed to do it for him by acting on its own motion. *Id.* at 338-39, 350; *Perez v. State,* 07-10-0390-CR, 2012 Tex. App. Lexis 3218, at *3-4 (Tex.App.--Amarillo Apr. 24, 2012, no pet.) (mem. op., not designated for publication); Tex. R. App. P. 33.1(a).

Moreover, the law of Texas does not require a trial judge, when confronted with evidence that might raise an issue of fact as to a defendant's guilt, to conduct a *sua sponte* proceeding for withdrawing a guilty plea and entering a plea of not guilty for the defendant. *Mendez,* 138 S.W.3d at 350. Rather, when a defendant has knowingly

4

waived his right to plead not guilty and entered a guilty plea, it is his obligation to timely seek withdrawal of his plea. *Id.*[2]

Because appellant did not complain in the trial court of the error he now alleges, and even had he complained the duty he envisions is not that of the trial court, we overrule appellant's first issue.

In his second issue, appellant argues his guilty plea was "involuntary because it was based upon the erroneous advice of trial counsel." We will assume for this discussion that counsel did in fact advise appellant to plead guilty. But aside from the following colloquy at the March 9 proceeding, the record does not inform us of the substance of any legal advice appellant received.

> Q. [Appellant's Counsel]: Before we came here today, Eron, I talked to you about the facts and the law in this case. Is that correct?
>
> A. [Appellant]: Yes, sir.
>
> Q. I explained to you about the law of parties and how--and the law around possession. Is that correct?
>
> A. Yes, sir.
>
> Q. And it was your decision to plead guilty to the charge?
>
> A. After you explained it, yes, sir.

---

[2] In *Mendez,* evidence of innocence appeared during the trial on punishment to a jury after a guilty plea. In the present case, the argument is the trial court was aware of evidence supporting an issue of fact on innocence from testimony to the court in the March 9 proceeding. No evidence of innocence was offered before the jury during the March 10 trial on punishment. Appellant had the right to plead not guilty which he chose to waive after admonishments. Whether evidence of innocence appears in a proceeding prior to a guilty plea, as here, or, as in *Mendez*, appears after the plea through punishment evidence, we think is a distinction without a difference. In either situation, we believe *Mendez* instructs that a defendant must affirmatively and timely move to withdraw his guilty plea while the trial court is not obligated to *sua sponte* withdraw the guilty plea and enter a plea of not guilty.

To successfully attack a guilty plea, an appellant must show that deficiencies in trial counsel's representation rendered the plea unknowing and involuntary. *Rodriguez v. State,* 899 S.W.2d 658, 666 (Tex.Crim.App. 1995). A guilty plea based on the erroneous advice of counsel is not voluntary and knowing. *Ex parte Battle,* 817 S.W.2d 81, 83 (Tex.Crim.App. 1991). The two-pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to challenges of guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 57-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Ex parte Adams,* 707 S.W.2d 646, 649 (Tex.Crim.App. 1986).

The first prong of the *Strickland* test requires that a defendant prove counsel made such serious errors that he did not function as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Appellant must show that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. *Id.* at 689-90. The second *Strickland* prong requires that a defendant demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart,* 474 U.S. 52 at 59. "Reasonable probability" means probability of a degree sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.

Our review of counsel's performance is highly deferential and a strong presumption exists that counsel's conduct fell within a wide range of reasonable professional assistance. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex.Crim.App. 2001); *see Strickland,* 466 U.S. at 689 (noting there are countless ways to provide effective

6

assistance in any given case). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly rooted in the record. *Thompson v. State,* 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999). In the majority of cases, the record on direct appeal is inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance. *See Rylander v. State,* 101 S.W.3d 107, 110 (Tex.Crim.App. 2003) ("We have previously stated that the record on direct appeal will generally not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the appellate record"). Thus, the better course is to pursue the claim in habeas proceedings. *Mitchell,* 68 S.W.3d at 642. Absent evidence of counsel's reasons for the challenged conduct, we will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App. 2001).

For his conclusion that trial counsel provided erroneous advice rendering his plea involuntary, appellant cites *Ex parte Battle.* But *Ex parte Battle* was a habeas corpus proceeding where the record included the affidavit testimony of trial counsel explaining his strategy. 817 S.W.2d at 82, 83-84. Here, on direct appeal, we have no such evidence.

On this record, we conclude appellant has not overcome the presumption that trial counsel exercised reasonable professional judgment in advising appellant.

7

Therefore he has not satisfied the first prong of the *Strickland* test.[3]  We overrule

appellant's second issue.

Conclusion

Having overruled appellant's two issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3]  We need not examine both *Strickland* prongs if one cannot be met. *Blumenstetter v. State,* 135 S.W.3d 234, 242 (Tex.App.--Texarkana 2004, no pet.) (citing *Strickland,* 466 U.S. at 697).