NO. 07-04-0579-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 10, 2005



______________________________




CHRISTOPHER SCOTT HICKENBOTTOM, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 36,037-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION Appellant Christopher Scott Hickenbottom was sentenced to ten years of community
supervision after pleading guilty to indecency with a child by sexual contact. Following a
hearing on the State's motion to proceed with adjudication of guilt, the trial court revoked
appellant's community supervision and sentenced him to four years confinement. In
presenting this appeal, counsel has filed an Anders (1) brief in support of a motion to
withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record, and in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d
807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the court's judgment. Counsel has also shown that he sent
a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal
is without merit. In addition, counsel has demonstrated that he notified appellant of his right
to review the record and file a pro se response if he desired to do so. Appellant did not file
a response. Neither did the State favor us with a brief.

 In July 2004, the State filed its motion to proceed with adjudication of guilt claiming
appellant failed to (1) provide his new address to authorities, (2) notify his community
supervision officer of his change of address, (3) pay supervision fees, (4) pay court costs,
restitution, and attorney's fees, (5) report to his community supervision officer, and (6)
complete a sex offender treatment program. At the revocation hearing, appellant pled true
to three of the six violations. After hearing testimony, the trial court concluded he had
violated the terms of his community supervision and sentenced him to four years
confinement. Appellant subsequently filed a notice of appeal.

 By his Anders brief, counsel advances several arguable grounds for appeal. The
first is whether appellant's guilty plea was entered voluntarily or knowingly. Counsel also
acknowledges the court did not admonish appellant at the revocation hearing in accordance
with article 26.13(a) of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art.
26.13(a) (Vernon Supp. 2004-05).

 Texas courts have held that where the record indicates a defendant has received
an admonishment as to punishment, that is prima facie evidence his guilty plea was
knowing and voluntary. Fuentes v. State, 688 S.W.2d 542, 544 (Tex.Cr.App. 1985). In
addition, article 26.13(d) provides that "[t]he Court may make the admonitions required by
this article either orally or in writing." Tex. Code Crim. Proc. Ann. art. 26.13(d).

 Prior to the revocation hearing, appellant was presented with and signed written plea
admonishments that were consistent with the requirements of article 26.13(a). He also
stipulated that he understood the admonishments and was aware of the consequences of
his plea. Upon a review of the record, we find appellant's plea was entered knowingly and
voluntarily and that he was properly admonished in accordance with the Code of Criminal
Procedure.

 We also find appellant was afforded effective assistance of counsel. See Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State,
726 S.W.2d 53, 55 (Tex.Cr.App. 1986). To establish ineffective assistance of counsel
following a guilty plea, appellant must establish (1) counsel's performance fell below an
objective standard of reasonableness under prevailing professional norms, and (2) there
is a reasonable probability that, but for counsel's errors, appellant would not have pled
guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 58, 106
S.Ct. 366, 88 L.Ed.2d 203, 210 (1985); Ex parte Adams, 707 S.W.2d 646, 649 (Tex.Cr.
App. 1986) (applying Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984)). 

 Here, trial counsel challenged the State's case by vigorously cross-examining
witnesses and raised several successful objections. Furthermore, we have already
determined appellant's guilty plea was entered voluntarily and knowingly. Thus, we find the
plea was not a consequence of any errors by counsel. Absent evidence regarding
counsel's trial strategy and provided the presumption that trial counsel's conduct falls within
the wide range of reasonable and professional representation, no reversible error is
demonstrated. See Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); Mallett v.
State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). 

 We have made an independent examination of the entire record to determine
whether there are any arguable grounds which might support this appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



="false" Name="Medium Shading 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0083-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

APRIL 9, 2010

 

______________________________

 

 

SANTIAGO MONTOYA, APPELLANT

 

V.

 

KATRINA CAE MONTOYA, APPELLEE

 

 

_________________________________

 

FROM THE 100TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 10,341; HONORABLE STUART MESSER, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER ON APPELLEE'S MOTION TO DISMISS

            Appellant, Santiago Montoya, filed a
notice of appeal challenging the trial court's order terminating his parental
rights to his child, E.J.G.  The trial
court's order was signed on February 25, 2010, and Appellant's notice of appeal
was filed in the trial court on March 22, 2010.

            On
April 6, 2010, Katrina Cae Montoya filed Appellee's
Motion to Dismiss Appeal alleging Appellant's notice of appeal was untimely
filed.  Appellant filed a response disagreeing.  We overrule Appellee's Motion to Dismiss Appeal for the following reasons.

            A
timely notice of appeal is essential to invoke this Court's jurisdiction.   See In
re A.L.B., 56 S.W. 3d 651, 652 (Tex.App.--Waco 2003, no pet.).  A notice of appeal from a trial court's termination
of parental rights order is accelerated making the notice of appeal due within
twenty days after the order is signed.  See Tex. Fam. Code Ann §§ 109.002 and
263.405(i) (Vernon 2009).  See
also Tex. R. App. P. 26.1(b).  The
filing of a motion for new trial, a post-judgment motion, or a request for
findings of fact and conclusions of law will not extend the time to perfect an
accelerated appeal.  See Tex. R. App. P. 28.1(b). 
See also In re K.A.F., 160
S.W.3d 923, 925-27 (Tex. 2005).  However,
Rule 26.3 of the Texas Rules of Appellate Procedure provides a fifteen day
extension period in which to file the notice of appeal if the notice is filed
in the trial court during that period and a motion for extension of time in
compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure is filed
in this Court.

            The
motion for extension of time is necessarily implied when an appellant acts in
good faith.  See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex.1997).  However, it is still necessary for an
appellant to provide a reasonable explanation for failing to timely file the
notice of appeal.  Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1997).  A reasonable explanation includes, but is not
limited to "any plausible statement of circumstances indicating that
failure to file within the [required] period was not deliberate or intentional
but was the result of inadvertence, mistake or mischance" even if that
conduct can also be characterized as professional negligence.  See Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 669-70 (Tex. 1989)
citing Meshwert v. Meshwert,
549 S.W.2d 383, 384 (Tex. 1977).  See also Hone v. Harafin,
104 S.W.3d 884, 886-87 (Tex. 2003) (reaffirming liberal standard for reviewing
a reasonable explanation and noting that "any conduct short of deliberate
or intentional noncompliance qualifies as inadvertence, mistake or mischance").

            In
the underlying case, the termination order was signed on February 25, 2010,
making the notice of appeal due on or before March 17, 2010.  Adding the fifteen day extension provided by
Rule 26.3 and implying a motion for extension of time, the last possible date
to file the notice of appeal was April 1, 2010. 
According to the limited documents before us, Appellant filed his notice
of appeal on March 22, 2010, well within the extended deadline.

            Appellant
filed a motion for extension of time in this Court on April 5, 2010, requesting
an extension of time in which to file his notice of appeal.[1]  The envelope reflects a postmark of April 1,
2010, making the motion timely.  See Tex. R. App. P. 9.2(b)(1).  Notwithstanding
the motion filed in this Court, Verburgt necessarily
implied a motion for extension of time when Appellant filed his notice of
appeal in the trial court on March 22, 2010. 
959 S.W.2d at 617.  The only remaining requirement for Appellant
to satisfy was providing a reasonable explanation for the untimely notice of
appeal.  In the motion for extension of
time, Appellant postulates that he mistakenly believed the date of signing for
the termination order to be February 28, 2010, instead of February 25, 2010,[2]
making the deadline March 20, 2010, two days before the notice of appeal was
actually filed in the trial court.  

            In
applying the fifteen day extension period and accepting Appellant's reasonable
explanation in his motion for extension of time for the untimely notice of
appeal, we conclude the notice of appeal filed in the trial court on March 22,
2010, invoked this Court's jurisdiction over this appeal.  That said, Appellee's Motion to Dismiss Appeal is overruled and the appeal
will proceed in due course according to the timetables for accelerated appeals.

 

 

                                                                                    Per Curiam

 

 











[1]The
Certificate of Conference reflects that Appellee opposes the motion.

 





[2]We
note that February 28, 2010, fell on a Sunday.