Pete **BRAZZELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45415.

Court of Criminal Appeals of Texas.

June 14, 1972.

Bobby Joe Mann, Mineral Wells, for appellant.

Sam Cleveland, Dist. Atty., Stephenville, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction was for the sale of heroin; the punishment was assessed by the jury at forty years imprisonment.

Appellant was tried upon a plea of guilty before a jury. The evidence shows the appellant on March 1, 1971, in Mineral Wells, sold narcotics to Bobby Adams, an undercover agent for the Texas Department of Public Safety.

The first ground of error urged is that "The court erred in allowing evidence of inferred extraneous offenses being prior sales of marihuana, to be admitted to the jury over an objection by the appellant, even though a motion in limine had been filed with the court and granted by the court precluding the submission of such evidence."

■ The appellant is here attempting to rely upon a motion *in limine* to preserve error to the admission of testimony which he contends was not admissible. Generally, a motion *in limine* will not preserve error to the admission of inadmissible evidence. The violation of a motion *in limine* may entitle a party to relief, but any remedies available with regard to such a violation are with the trial court. If its order has been violated, the trial court may apply the sanctions of contempt or take other appropriate action. But for error to be preserved on appeal with regard to the admission of inadmissible evidence, objection thereto should be made at the time the evidence is offered.

■ In this case, the appellant had filed a motion *in limine* requesting the court "to instruct the District Attorney to make no inquiry, suggestion, or allusion to the matters hereinafter stated in the presence of the jury without having first taken up such matters with the court, outside of the presence of the jury and having first obtained a ruling from the court which would permit the admission of the same or a part thereof into evidence." The motion *in limine* also requested that the witness Bobby Adams be instructed not to volunteer information or make any statement in the presence of the jury with reference to matters set out in the motion, one of which was "That there are other indictments and alleged extraneous offenses with which the defendant is charged and/or alleged to have committed."

During the trial under direct examination, the undercover agent Adams testified that while he, Adams, was in his car in Mineral Wells, the appellant approached him and then the following occurred:

"Q. (By Prosecutor) What did he say?

"A. We spoke, I asked him where he was going and he said he was going to Fort Worth, and then he asked if I wanted to buy some more stuff.

"Q. If you wanted to buy some more stuff? And what was your answer when he said that to you?

"A. I told him yes.

"Q. You told him yes. Well, go ahead and tell—

(Defense Attorney) "Your Honor, objection.

"Q. —What occurred relative to that?

(Defense Attorney) "Objection, Your Honor. (Thereupon, the attorneys approached the bench.)

"THE COURT: Overruled.

(Defense Attorney) "Let the record note exception of the defendant to the action of the court in denying its request for hearing out of the presence of the jury with reference to the motion in limine and the witness's answer to the last question of the prosecution."

The record does not reveal what was said at the bench and it is not shown that the appellant's objection was that the testimony was evidence of an extraneous offense. We conclude that the error, if any, was not preserved. See and compare Beard v. State, 458 S.W.2d 85 (Tex.Cr. App.1970); Padgett v. State, 364 S.W. 2d 397 (Tex.Cr.App.1963); Gonzales v. State, 172 Tex.Cr.R. 449, 361 S.W.2d 393 (1962); Gentry v. State, 105 Tex.Cr.R. 629, 290 S.W. 543 (1926). This ground of error is overruled.

■ In appellant's second ground of error he alleges "The court erred in refusing to allow Mr. Mann, one of the court-appointed counsel for the appellant, to ask a prospective juror, without trying to commit him in any way to this particular case, whether or not he had any conscientious scruples against awarding a minimum sentence in a case involving the sale of heroin if the facts so justified it . . ."

The following is, in part, the transcription of the voir dire examination of prospective witness Eubank:

"MR. MANN: (Defense Counsel) . . . Now, Mr. Cleveland has already qualified all of you people on whether or not you could consider the entire scope of the punishment in this area.

"Now, Mr. Eubank, without trying to commit you in any way to this case, it's to this particular case, can you think of any reason why you might have some conscientious scruples against giving the minimum sentence in a case of this type if the facts so testified justifies it; you being the sole judge of the—

"MR. CLEVELAND: He said giving it. It's a matter of considering the thing. He is trying to tie them down to giving the word that he asked. We object to that type of qualification because he said giving it.

"THE COURT: Sustained.

"MR. GAULT: (Defense Counsel) We would like to note our exception to that as being the position of the defense that the defense should be permitted to qualify a juror as to whether or not he has any conscientious scruples against the infliction of the minimum punishment authorized by law in a case where the facts justify, the juror being the sole judge of whether or not the facts would justify it to his satisfaction. It's a correlate of a question in reference to capital punishment. We urge we be allowed to ask that question.

"MR. CLEVELAND: I don't think it's a proper question, 'conscientious scruples against giving it.' It's a matter of a consideration of that all along with the other.

"MR. MANN: It's a consideration to be concerned—

"THE COURT: *You may ask them that if that's what you want.* (Emphasis supplied.)

"MR. GAULT: If a juror cannot follow a law, Your Honor, we submit that we are entitled to show that with reference to minimum punishment and that's —

"THE COURT: Same ruling.

"MR. GAULT: Note our exception, Your Honor."

Contrary to his contention here, appellant was not precluded from qualifying the

juror with respect to his ability to consider the assessment of the minimum sentence in what he believed to be the appropriate circumstances; error is not shown.

The judgment is affirmed.

Opinion approved by the Court.