# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00385-CR

**Edward Amaro, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF LAMPASAS COUNTY
### NO. 12,152, HONORABLE VIRGIL E. LILLEY, JUDGE PRESIDING

Appellant Edward Amaro pleaded not guilty before a jury to an information accusing him of driving while intoxicated. *See* Tex. Pen. Code Ann. ' 49.04 (West Supp. 2002). After testimony began and appellant=s objections to the admission of the evidence discussed below were overruled, appellant was permitted to waive his right to trial by jury and change his plea to no contest. *See Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000). The county court adjudged appellant guilty and imposed a $500 fine. We will affirm.

Appellant=s first point of error is that Athe trial court committed error by admitting an extraneous offense in violation of rule 404(b).@ *See* Tex. R. Evid. 404(b). His argument in support of this point is directed to the prosecutor=s alleged violation of a motion in limine granted by the court. The motion asked that no evidence of an open container found in appellant=s car be admitted without the State first obtaining a ruling outside the jury=s presence on the admissibility of the evidence. Appellant asserts that the

granted motion was violated when the prosecutor said during his opening statement, AI believe the evidence will show that there was an alcohol container in the floorboard of the vehicle.@ Later, during the testimony of the arresting officer, a hearing was held outside the jury=s presence and the court overruled appellant=s objections to the officer testifying to the discovery of an open can of beer in appellant=s vehicle.

Appellant=s argument that the prosecutor=s remark violated the motion in limine is not cognizable on appeal. The violation of a motion in limine does not preserve error in the admission of evidence. *Brazzell v. State*, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972). Any remedy for the violation of a motion in limine lies with the trial court. *Id*. If we construe this point of error as an attack on the admissibility of the officer=s subsequent testimony, no error is presented. The presence of the open container was same transaction contextual evidence that tended to prove the allegation that appellant was driving while intoxicated by reason of the introduction of alcohol into his body, and hence was outside the scope of the rule barring evidence of extraneous misconduct. *See Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993). By its terms, the rule 404(b) notice requirement relied on by appellant in the trial court does not apply to same transaction contextual evidence. *Hodge v. State*, 940 S.W.2d 316, 319 (Tex. App.CEastland 1997, pet. ref=d). Point of error one is overruled.

In his second point of error, appellant contends the court erred by permitting the officer to testify that after he saw the open can of beer and smelled the odor of alcoholic beverage, he asked appellant Aif he had consumed any alcohol@ and appellant told him he had drunk Aapproximately three beers.@ Appellant urges that his statement to the officer was inadmissible because he had not been advised of his rights. *See* Tex. Code Crim. Proc. Ann. arts. 38.22, ' 3(a)(2), .23(a) (West Supp. 2002).

Article 38.22 applies only to statements made as a result of custodial interrogation. *State v. Waldrop*, 7 S.W.3d 836, 839 (Tex. App.CAustin 1999, no pet.). In *Waldrop*, another prosecution for driving while intoxicated, the defendant made a roadside admission that he had consumed a few beers after being asked by the officer if he had been drinking. *Id*. at 837. We held that this statement was not the product of custodial interrogation. *Id*. at 839-40. The circumstances surrounding appellant=s statement are substantially the same as those in *Waldrop*. For the reasons stated in that opinion, we hold that appellant=s statement was not the product of custodial interrogation and that article 38.22 was not violated. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: June 13, 2002

Do Not Publish