COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-447-CR
 
EX PARTE
GLEN RAY BRUCE
 
------------
FROM THE 396
TH DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
       
Appellant Glen Ray Bruce appeals from the denial of a pretrial writ of habeas
corpus.  In his sole point, he contends that the trial court erred by sua
sponte declaring a mistrial for ineffective assistance of counsel where no
"manifest necessity" existed.  We affirm.
Background
       
Appellant was charged with aggravated sexual assault of a child and indecency
with a child. The trial court had previously granted the State's motion in
limine that prevented defense counsel from discussing specific instances of
misconduct under Texas Rule of Evidence 608. Tex. R. Evid. 608. 
Specifically, defense counsel was prohibited from mentioning that complainant
had made previous false accusations of sexual misconduct.
       
During opening statements before the jury, defense counsel stated, "[D.H.]
then will be -- should be able to remember and will tell you that this summer --
and Donna [H.] and Ricky [H.], her parents, will tell you that this summer [D.H.]
admitted making a false --." The State immediately objected, and the court
ordered the jury out of the courtroom.
       
After admonishing defense counsel, the State told the court that although it was
not asking for it, the court on its own motion could grant a mistrial and
jeopardy would not attach.  After a brief recess, the court declared a
mistrial based on "the inability of counsel to furnish effective assistance
of counsel to the Defendant."  The court found that a mistrial was a
manifest necessity and "the statements made were so outside the record and
so unable of being supported by evidence in the presence of the jury that an
instruction to disregard could not remove the cloud from the minds of the
jury."  The court further held defense counsel in contempt of court
and sentenced him to fourteen days confinement in county jail and a $500 fine.
       
Prior to retrial, appellant filed an application for writ of habeas corpus, and
the trial court conducted a double jeopardy hearing.  The trial judge
recused himself from the hearing and the case and testified at the hearing.(1) 
In addition to discussing his reasoning for granting the motion in limine and
then granting the mistrial, the trial judge testified that some of the jurors
told him that it seemed like defense counsel was trying to plant a seed that the
complainant had made a false accusation.  The State prosecutor also
testified that although the court considered less dramatic measures, the court
agreed that an instruction to disregard would not cure the harm because the
entire case rested on the complainant's credibility, and the mere mention of the
word "false tainted the trial so much that the State would never be
entitled to a fair trial."  The trial court took the case under
advisement for two weeks and then overruled appellant's motion for double
jeopardy.
Discussion
       
In his sole point, appellant argues that the trial court erred by sua sponte
declaring a mistrial for ineffective assistance of counsel where no
"manifest necessity" existed.  He alleges that this ruling
violated his constitutional right against double jeopardy.  The State
responds that the record demonstrates that defense counsel created a
"manifest necessity" for mistrial when he made his statement.
       
In a writ of habeas corpus hearing, the burden of proof is on the appellant to
prove his allegations by a preponderance of the evidence.  Ex parte
Thomas, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995); Ex parte Adams,
707 S.W.2d 646, 648 (Tex. Crim. App. 1986); Barnes v. State, 70 S.W.3d
294, 301 (Tex. App.--Fort Worth 2002, pet. ref'd).  In reviewing the trial
court's decision, we view the evidence in the light most favorable to the ruling
and accord great deference to the trial court's findings and conclusions.  See
Ex parte Lafon, 977 S.W.2d 865, 867 (Tex. App.--Dallas 1998, no
pet.).  Absent a clear abuse of discretion, we accept the trial court's
decision whether to grant the relief requested in a habeas corpus
application.  Ex parte Spaulding, 612 S.W.2d 509, 511 (Tex. Crim.
App. 1981); Ex parte Mann, 34 S.W.3d 716, 718 (Tex. App.--Fort Worth
2000, no pet.); Ex parte Ayers, 921 S.W.2d 438, 440 (Tex. App.--Houston
[1st Dist.] 1996, no pet.).
       
The Double Jeopardy Clause of the United States Constitution provides that no
person shall be subjected to twice having life or limb in jeopardy for the same
offense. U.S. CONST.
amend. V. Generally, this clause protects against: (1) a second prosecution for
the same offense after acquittal; (2) a second prosecution for the same offense
after conviction; and (3) multiple punishments for the same offense.  United
States v. Dixon, 509 U.S. 688, 695-96, 113 S. Ct. 2849, 2855-56 (1993); Ex
parte Herron, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh'g). 
In a jury trial, jeopardy attaches when the jury is impaneled and sworn in to
try the case.  Crist v. Bretz, 437 U.S. 28, 47, 98 S. Ct. 2156,
2167 (1978); Ex parte Little, 887 S.W.2d 62, 64 (Tex. Crim. App. 1994).
       
When a trial court grants a mistrial without a defendant's consent, retrial will
be barred by double jeopardy unless manifest necessity to grant the mistrial is
shown.  Harrison v. State, 767 S.W.2d 803, 806 (Tex. Crim. App.
1989); see also State v. Lee, 15 S.W.3d 921, 923-25 (Tex. Crim. App.
2000); Brown v. State, 907 S.W.2d 835, 838-41 (Tex. Crim. App. 1995); but
see Ex parte Bauder, 974 S.W.2d 729, 731-32 (Tex. Crim. App. 1998) (stating
where trial court grants a mistrial due to prosecutorial misconduct, test is not
whether trial court would have abused its discretion by denying motion for
mistrial, but whether appellant truly consented to the mistrial).  While
the United States Supreme Court has declined to formulate rules based on
categories of circumstances in which manifest necessity exists, a trial judge's
discretion to declare a mistrial based on manifest necessity is limited to
"very extraordinary and striking circumstances."  Ledesma v.
State, 993 S.W.2d 361, 365 (Tex. App.--Fort Worth 1999, pet. ref'd)
(quoting Downum v. United States, 372 U.S. 734, 736, 83 S. Ct. 1033,
1034 (1963)).
       
As a general rule, manifest necessity exists where the circumstances render it
impossible to reach a fair verdict, where it is impossible to proceed with
trial, or where the verdict would be automatically reversed on appeal because of
trial error.  Parrish v. State, 38 S.W.3d 831, 834 (Tex.
App.--Houston [14th Dist.] 2001, pet. ref'd).  Not only is
"necessity" the operative word, but there must be a "high
degree" of necessity that the initial trial ends prematurely.  See
Arizona v. Washington, 434 U.S. 497, 506, 98 S. Ct. 824, 831 (1978); Ledesma,
993 S.W.2d at 365.
       
Before granting a mistrial on the grounds of manifest necessity, a trial court
must determine whether alternative courses of action are available and, if so,
choose one that is less drastic than a mistrial.  See Brown v. State,
907 S.W.2d 835, 839 (Tex. Crim. App. 1995); Ledesma, 993 S.W.2d at
365.  The trial judge who declares a mistrial need not expressly state on
the record the considerations that were given to less drastic alternatives,
provided the record adequately discloses the basis for the mistrial.  Ledesma,
993 S.W.2d at 365; see also Ex parte Fierro, 79 S.W.3d 54, 57 (Tex.
Crim. App. 2002) (holding that a trial judge abuses his discretion when he fails
to explicitly or implicitly rule out a less drastic alternative in favor of
granting a mistrial).
       
As the reviewing court, we must determine whether the trial judge acted
irrationally or irresponsibly and whether the mistrial order reflects the
exercise of sound discretion.  Ledesma, 993 S.W.2d at 365
(reviewing the trial court's finding of manifest necessity for mistrial by
applying an abuse of discretion standard); see also Parrish, 38 S.W.3d
at 835.  Moreover, if the record shows that the trial judge exercised sound
discretion in finding a manifest necessity for a retrial, the judge's sua sponte
declaration of a mistrial is not incorrect just because the reviewing court
might have ruled differently.  See Arizona, 434 U.S. at 514-16, 98
S. Ct. at 834-35; Ledesma, 993 S.W.2d at 365.
       
There can be no condition in which the necessity for the exercise of this power
is more manifest than when it is made to appear to the court that the jurors are
subject to such bias or prejudice as not to stand impartial between the
government and the accused.  Parrish, 38 S.W.3d at 835; Ex
parte James, 967 S.W.2d 498, 500 (Tex. App.--Amarillo 1998, pet. ref'd). 
In Arizona v. Washington, the Supreme Court emphasized that in the
context of a declaration of mistrial involving an assessment of the prejudicial
impact upon the jury of some impropriety, the trial judge's decision is entitled
to great deference. 434 U.S. at 513-16, 98 S. Ct. at 834-36.  "Neither
party has a right to have his case decided by a jury which may be tainted by
bias; in these circumstances, 'the public's interest in fair trials designed to
end in just judgments' must prevail over the defendant's 'valued right' to have
his trial concluded before the first jury impaneled."  Id. at
516, 98 S. Ct. at 835-36 (quoting Wade v. Hunter, 336 U.S. 684, 689, 69
S. Ct. 834, 837 (1949)).
       
After reviewing the record, we cannot fault the trial judge, who was present and
had the obvious opportunity to observe the jurors' demeanor, for determining
within the sound boundaries of discretion that the jury was tainted by defense
counsel's partial statement.  These facts are similar to those in Arizona
v. Washington in that the trial court declared a mistrial because
defendant's lawyer made an improper and prejudicial remark during opening
statements.  Id. at 499, 98 S. Ct. at 827.  The Court held
that "[a]n improper opening statement [presented by a defense lawyer]
unquestionably tends to frustrate the public interest in having a just judgment
reached by an impartial tribunal."  Id. at 512, 98 S. Ct. at
834.
       
Here, the trial judge was faced with the choice of continuing a trial, in which
defense counsel had implied that the complainant had made prior false
accusations of sexual assault, or declaring a mistrial.  The trial judge
was in the best position to determine if the jury would be biased by the
statement because he listened to the delivery of the argument and observed the
apparent reaction of the jurors.  Id. at 514, 98 S. Ct. at 834
(stating that the trial judge is far more "conversant with the factors
relevant to the determination" than a reviewing court would be in declaring
a mistrial).  He had previously granted the State's motion in limine
concerning the false accusation and had warned defense counsel not to discuss it
because it violated Texas Rule of Evidence 608(b).  Tex. R. Evid.
608(b).  The judge had warned defense counsel at least six months prior to
trial that the allegation was inadmissible.  The trial judge and attorneys
also had another pretrial conference in which the judge again stated that it
would not be admissible.
       
After defense counsel made the partial statement and the trial judge removed the
jury, the trial judge stated, "I have told you repeatedly, repeatedly in
chambers when you said you wanted to go into this that you need to read the
Rules of Evidence, that you need to read specific instances of misconduct. 
I have told you, I have told you, I have told you."  Furthermore,
during the habeas hearing, the trial judge testified that some of the jurors
told him that it seemed like the defense was trying to plant a seed that the
complainant had made a false accusation.
       
The trial court stated on the record that it was declaring a mistrial based on
the inability of counsel to furnish effective assistance of counsel. 
Although appellant argues his partial statement alone did not constitute
ineffective assistance of counsel, the record clearly indicates that the trial
judge considered the circumstances that occurred before the statement, which
included the pretrial conferences concerning the issue and the granting of the
State's motion in limine.  The trial judge stated, "The Court is
concerned based upon the actions of counsel that [have] been demonstrated to the
court thus far that this Defendant will receive effective assistance of counsel
in this trial if this cause continues . . . ."  Thus, the trial judge
did not rely on one isolated incident to reach his conclusion and declare a
mistrial.  See Brazzell v. State, 481 S.W.2d 130, 131 (Tex. Crim.
App. 1972) (holding that trial court has discretion to assess an appropriate
remedy for a violation of a ruling on a motion in limine); Harnett v. State,
38 S.W.3d 650, 655 (Tex. App.--Austin 2000, pet. ref'd).
       
He further found that defense counsel's statements were so outside the record
and clearly calculated to inflame the minds of the jury "that an
instruction to disregard could not remove the cloud from the minds of the
jury."  Thus, the trial court determined whether alternative courses
of action were available and then ruled a mistrial was a manifest
necessity.  See Ledesma, 993 S.W.2d at 365 (holding that a trial
court must determine whether alternative courses of action are available and, if
so, choose one that is less drastic than a mistrial).  Based on this
record, we cannot say that the trial judge abused his discretion by declaring a
mistrial.  See Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App.
1999) (holding that the determination of whether a given error necessitates a
mistrial must be made by examining the particular facts of the case), cert.
denied, 529 U.S. 1070 (2000).
       
Accordingly, the State is not jeopardy-barred from retrying appellant, and the
trial court did not err in refusing habeas corpus relief.  Appellant's sole
point is overruled.
Conclusion
       
Having overruled appellant's sole point, the trial court's order is affirmed.
 
   
                                                        TERRIE
LIVINGSTON
   
                                                        JUSTICE
 
PANEL B: DAY, LIVINGSTON, and
WALKER, JJ.
PUBLISH
DELIVERED: June 19, 2003

1.  Although not raised as a separate point,
appellant argues that this court should not consider the habeas corpus hearing
testimony of the trial judge because rule 605 prohibits a presiding judge to
testify in that trial as a witness.  Tex. R. Evid. 605 (stating that the
"judge presiding at the trial may not testify in that trial as a
witness).  The language of rule 605 is unambiguous in its prohibition
against a judge who is presiding over a proceeding from stepping down from the
bench and becoming a witness in the very same proceeding over which he is
currently presiding. Hensarling v. State, 829 S.W.2d 168, 170 (Tex.
Crim. App. 1992); Franks v. State, 90 S.W.3d 771, 781 (Tex. App.--Fort
Worth 2002, no pet.).  Here, a different judge presided over the habeas
corpus hearing. Although the trial judge had not officially recused himself from
the case when the State called him as a witness, he did shortly thereafter
voluntarily recuse himself.  Thus, he was not "stepping down from the
bench" and testifying as a witness in the very same proceeding over which
he was currently presiding.  Hensarling, 829 S.W.2d at 170. 
Thus, we will consider the trial judge's testimony at the habeas corpus hearing.