NO. 07-05-0434-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 21, 2007
_____

JEREMY HUNEYCUTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16093-0506; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jeremy Huneycutt appeals from his conviction of the offense of possession of a controlled substance with intent to deliver and the sentence confining him to the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Background

Trooper Jerrod Burtnett stopped appellant on Interstate 27 in Hale County for speeding. Appellant's wife Angel Huneycutt was a passenger. Appellant's demeanor and

the odor of marijuana about the vehicle led the trooper to request appellant's consent to search the vehicle. Appellant gave consent. The trooper found marijuana, methamphetamine and various items of drug paraphernalia in the vehicle. A small bag containing methamphetamine was located in a flip phone found in the driver's side door pocket. The largest amount of methamphetamine was located in a bag in Angel's purse. Both appellant and his wife were arrested.

Appellant was charged by indictment with possession of a controlled substance, methamphetamine, with intent to deliver, in an amount of four grams or more but less than 200 grams.[1] Contrary to his plea, the jury found him guilty as charged in the indictment. Punishment was assessed against appellant at imprisonment for twenty-eight years and a fine of $5,000. This appeal followed.

## Issues

Via three points of error, appellant asserts the trial court erred by allowing evidence, over his objections, (1) of appellant's extraneous conduct toward his wife, and (2) of alleged extraneous conduct of appellant and his father regarding the "family business" of dealing methamphetamine, in violation of Rules 404(b) and 403 of the Texas Rules of Evidence and the court's order on a motion in limine; and (3) asserts he did not receive

---

[1] *See* Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2001). This is a first degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32 (Vernon 2003).

effective assistance of counsel in that trial counsel failed to timely and effectively object to evidence of his alleged extraneous conduct.

## Analysis

*Admission of Evidence Regarding Appellant's Violence Against Wife*

In appellant's first point of error, he complains the admission of evidence that he beat Angel, "hurt [her] seriously" and once "put his cigarettes out on [her]" was error because it constituted evidence of extraneous offenses not admissible under Texas Rule of Evidence 404(b). His relevance objections to Angel's testimony to these events preserved his appellate contention of inadmissibility under Rule 404(b).[2] *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex.Crim.App. 1990) (op. on reh'g).

Under Rule 404(b), evidence of other crimes, wrongs, or acts is inadmissible to prove a person's character for the purpose of showing action in conformity therewith. Tex. R. Evid. 404(b); *Montgomery,* 810 S.W.2d at 387-88. But such evidence may be admissible if it has relevance apart from its tendency to show conformity to character. *Id*. Admissibility of evidence under Rule 404(b) thus depends on its relevance, that is, its tendency to make a fact of consequence more or less probable, as well as on the purpose

---

[2] However, appellant did not object in similar vein to other extraneous conduct to which Angel testified. Appellant voiced "leading," "non-responsive," and "no time frame" objections to testimony that appellant choked Angel, pulled her hair out, broke her ankle, locked her in rooms, broke her cheekbone, put pillows over her face, and hit her with "torches." Such objections did not put the trial court on notice that appellant was objecting pursuant to Rule of Evidence 404(b). Appellant thus failed to preserve error with regard to those instances of extraneous conduct, and we do not address those instances in our consideration of appellant's first point of error.

for which it is offered. *Casey v. State,* 215 S.W.3d 870, 879 (Tex.Crim.App. 2007) (*citing Johnston v. State,* 145 S.W.3d 215, 220 (Tex.Crim.App. 2004)). One proper purpose under Rule 404(b) for admission of relevant extraneous conduct evidence is to rebut a defensive theory. *Powell v. State*, 63 S.W.3d 435, 438 (Tex.Crim.App. 2001); *Ransom v. State*, 920 S.W.2d 288, 301 (Tex.Crim.App. 1994) (op. on reh'g). The trial court's decision whether to admit evidence under Rule 404(b) will be upheld on appeal absent an abuse of discretion. *Montgomery*, 810 S.W.2d at 391. Thus, we will not intercede as long as the trial court's ruling was at least within the zone of reasonable disagreement. *Id*.

On review of the record, we reject appellant's challenge under Rule 404(b) to the admission of his wife's testimony of his violent acts against her. The record shows that a part of appellant's trial strategy was to place blame for the presence of the methamphetamine on his wife.[3] In his counsel's opening statement, he told the jury the evidence would show Angel sold drugs. He also told the jury evidence would show the flip phone and the purse containing the drugs were hers, and the car was registered in her name.

The State's second witness, after its chemist, was Trooper Burtnett. Appellant's cross-examination of the trooper emphasized Angel's connections with the drugs. After he asked the trooper to list the circumstances that connected the drugs with appellant, counsel asked how he knew Angel "just didn't have the stuff on her in her purse in her car

---

[3] The record indicates appellant and his wife were estranged by the time of trial, and that the State opted not to pursue her prosecution because her counsel convinced the prosecutor her motion to suppress the drugs found in her purse would be successful.

4

and [appellant] didn't know about it?" The trooper responded, in part, that appellant's "demeanor toward her was very controlling."[4] He later responded to counsel's question whether it appeared to him that Angel was afraid, stating, "Not afraid, but very under control."

Angel was the State's next witness. She denied prior knowledge of the presence of methamphetamine in the car, saying she first knew of it when her husband "started pulling something out of his pocket and trying to put it in his cell phone." She testified the drugs found in her purse were in the car's console between the front seats when they were stopped, and she hid the bag of drugs in her purse at her husband's instruction. She said she complied out of fear of her husband.

Appellant's cross-examination of Angel challenged her version of the interaction between the couple after they were stopped, and specifically challenged her assertion she was afraid of her husband. The testimony appellant addresses in his first point of error occurred on the State's redirect examination of Angel. In response to appellant's relevance objection, the prosecutor argued the testimony was relevant to appellant's control over his wife, showing why she feared him and "would do what he made her do." We agree.

In a possession case, the State must prove two elements: that the accused exercised care, control, and management over the contraband; and that the accused knew

---

[4] On direct examination, the State inquired of the trooper whether he observed the interaction between appellant and his wife and whether either of them appeared to "have influence or control" over the other. He opined, without objection, that appellant had control over his wife.

the matter possessed was contraband. *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App. 1988). One of the ways the State sought to demonstrate appellant's care, control, and management of the methamphetamine found in Angel's purse was to show that she hid it there at his direction. That Angel put the drugs in her purse at appellant's direction is an elemental fact demonstrating appellant's exercise of control over the drugs. *Montgomery*, 810 S.W.2d at 387. As noted, Angel testified she had no prior knowledge of the presence of methamphetamine in the car but followed her husband's instructions and took possession of the illegal substance during the traffic stop. Evidence she was motivated by fear of her husband serves to explain her willingness to take such action, and thus serves to make more probable the fact that she did so. *See id.* Through cross-examination, appellant challenged her assertion she was afraid of him. The trial court did not abuse its discretion under Rule 404(b) by concluding Angel's testimony on redirect examination explaining why she feared her husband had relevance apart from any tendency to prove he had a propensity for violence toward her. *See Ransom*, 920 S.W.2d at 301 (extraneous offenses admissible to rebut defensive theories raised by State's witness during cross-examination).

Appellant also complains of the State's violation of the motion in limine as part of his assertion that the trial court erred in permitting evidence of his violence toward Angel.[5]

---

[5] In arguing that the trial court committed harmful error here, appellant relies on *Tate v. State,* 762 S.W.2d 678 (Tex.App.–Houston [1st Dist.] 1988, pet. ref'd) for the proposition that the trial court's admission of extraneous conduct relating to his treatment of Angel was harmful error. *Tate* does not aid appellant's arguments. It involved the admission of extraneous offenses in violation of the trial court's order on a motion to suppress. The reversal did not rest on preservation of error by a motion in limine.

Appellant's motion in limine sought to limit the State's mention, allusion, or reference to any extraneous offenses committed by appellant without first discussing such matters before the court, outside the jury's presence. By his argument on appeal, appellant appears to rely on a motion in limine to preserve error to the improper admission of testimony. Generally, a motion in limine will not preserve error to the admission of inadmissible evidence. *Brazzell v. State,* 481 S.W.2d 130, 131 (Tex.Crim.App. 1972). *See also Geuder v. State,* 115 S.W.3d 11, 14 (Tex.Crim.App. 2003)( trial judge's grant or denial of a motion *in limine* is a preliminary ruling only and normally preserves nothing for appellate review). Remedies available for violation of a motion in limine are with the trial court. *Brazzell,* 481 S.W.2d at 131. Appellant's failure to properly object to certain evidence in this matter cannot be cured by relying on the trial court's ruling on the motion in limine. *See Brazzell,* 481 S.W.2d at 131 (for error to be preserved on appeal with regard to the admission of inadmissible evidence, objection thereto should be made at the time the evidence is offered).

In support of his first point of error, appellant also briefly mentions that the extraneous conduct evidence of which he complains was not included in the State's 404(b) notice, and makes passing reference to Rule of Evidence 403. Neither contention was raised at trial; thus neither is preserved for our review.[6] Tex. R. App. P. 33.1; *Montgomery,* 810 S.W.2d at 388 (relevance objection based on Rule 404(b) is not sufficient to preserve error regarding Rule 403; further objection based on Rule 403 is required).

---

[6] Appellant's notice objection at trial focused on his assertion the State failed to disclose an alleged "plea deal" with Angel, not a lack of notice under Rule 404(b).

We overrule appellant's first point of error.

*Evidence Admitted Regarding Appellant's "Family Business"*

In appellant's second issue, he contends the trial court erred in permitting evidence of alleged extraneous conduct of appellant and his father. Appellant specifically complains of evidence admitted through Angel and appellant's mother, LaVonne Huneycutt, regarding the "family business" of dealing methamphetamine. We find that appellant made no objection to the testimony of LaVonne Huneycutt, and that he made no objection to Angel's testimony on this point.[7] Accordingly, his contentions present nothing for our review.[8] Tex. R. App. P. 33.1. We overrule appellant's second issue.

*Ineffective Assistance of Counsel*

In appellant's last point of error, he asserts that his trial counsel's failure to object timely and effectively to evidence of his extraneous bad acts rendered his counsel's assistance ineffective. The testimony to which he refers is that of Angel, asserting that appellant choked her, pulled her hair out, broke her ankle, locked her in rooms, broke her cheekbone, put pillows over her face, and hit her with "torches," as well as testimony

---

[7] LaVonne Huneycutt was a defense witness. She testified she was not aware of any dealing of drugs by her husband or her son. She also acknowledged she observed some violence between appellant and Angel and that she had seen bruises on Angel.

[8] Appellant again advances the argument that the trial court erred in permitting this evidence in violation of its order on the motion in limine. As we have noted, an order on a motion in limine does not preserve an issue on appeal over admissibility of evidence. In addition, we note the motion in limine granted by the trial court here makes no reference to the conduct of appellant's father.

8

regarding the alleged extraneous conduct of appellant as a methamphetamine dealer and engagement in the "family business" of dealing.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as applied by the Texas Court of Criminal Appeals in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986), sets forth the test that must be satisfied to prove an ineffective assistance of counsel claim. Under the first part of the *Strickland* test, an appellant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Strickland,* 466 U.S. at 687; *Young v. State,* 991 S.W.2d 835, 837 (Tex.Crim.App. 1999). When reviewing a claim of ineffective assistance, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (internal citation omitted). Under the second part of the *Strickland* test, the appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* This part of the test carries "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the appellant must overcome this presumption by a preponderance of the evidence. *Id.*

In applying the *Strickland* test, an appellate court should not try to second-guess trial counsel's tactical decisions that do not fall below the threshold of the objective standard

9

of reasonableness. *Id.* An individual has a right to effective, not errorless, representation. *Bridge v. State,* 726 S.W.2d 558, 571 (Tex.Crim.App. 1986). In determining whether counsel's assistance is effective, the court must look at counsel's representation of the defendant as a whole, and not merely at isolated errors. *Ex parte Kunkle,* 852 S.W.2d 499, 505 (Tex.Crim.App. 1993). An allegation of ineffective assistance must be firmly founded in the record. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Moreover, the representation of the defendant should be viewed from defense counsel's perspective at trial, and not with 20-20 hindsight. *Madden v. State,* 911 S.W.2d 236, 241 (Tex.App.–Waco 1995, pet. ref'd).

Appellant contends that his counsel provided ineffective assistance at trial because he failed to properly object, and thus preserve error, as to the evidence relating to his violence towards Angel and his involvement in dealing methamphetamine. In our disposition of appellant's first point of error, we have determined that the objections raised did not preserve appellant's complaint that his wife's testimony of his acts of violence toward her were inadmissible under Rule 404(b). Appellant points out his counsel obviously desired to exclude such evidence because he objected, but failed to do so properly. Counsel does not render ineffective assistance, however, by failing to preserve an "error" which is not reversible error. *Doyle v. State,* 875 S.W.2d 21, 23 (Tex.App.–Tyler 1994, no pet.), *citing Johnson v. State,* 691 S.W.2d 619, 626 (Tex.Crim.App. 1984).[9] In

[9] Similarly, courts have required an appellant claiming counsel was ineffective for failing to object to demonstrate the trial court would have committed error by refusing to sustain the objection had it been made. *See, e.g., Brown v. State*, 6 S.W.3d 571, 575 (Tex.App.–Tyler 1999, pet. ref'd).

our disposition of appellant's first point of error, we also have concluded the trial court did not err by overruling appellant's relevance objections to Angel's testimony to some of appellant's acts of violence against her. The acts of violence as to which appellant did not preserve error were of a similar nature, and were described by Angel during the same line of questioning on redirect examination by the State. Had appellant raised a proper objection to that testimony, been overruled, and contended on appeal that admission of the testimony was error under Rule 404(b), we see no reason why our conclusion would have been different. Appellant has not shown that the "error" his counsel failed to preserve for appellate review was reversible error. He has thus failed to show his counsel was ineffective for a failure to raise a Rule 404(b) objection to the testimony.

With respect to the testimony regarding the "family business" of dealing methamphetamine,[10] we find that appellant has not overcome the presumption that counsel's failure to object was not part of a sound trial strategy. As noted, appellant adopted a strategy at trial of emphasizing his wife's connections to the sale of drugs. His cross-examination of Trooper Burtnett and of Angel included inquiries, for example, about her possession of large amounts of cash. He presented the testimony of a Huneycutt family friend who said he had personal knowledge of Angel's sale of methamphetamine and who on cross-examination by the State said he had once purchased the drug from

---

[10] On redirect, the State asked Angel about appellant's parents, Charles and LaVonne Huneycutt, and inquired into Angel's drug use, including where she obtained methamphetamine. Angel responded that appellant's father provided it. When asked what the "family business" was, Angel replied, "I'm assuming dealing." Angel further testified that she believed this because unfamiliar people were always coming over and appellant and his father would be gone for hours to "reup."

11

Angel. Counsel may well have wanted the jury to hear Angel describe her knowledge of methamphetamine sales. In any event, given appellant's clear trial strategy, we will not second-guess counsel's tactical decision not to object to the State's questions of her on that subject.

Lastly, appellant has not shown a reasonable probability that, but for counsel's unprofessional errors, if any, the result of the proceeding would have been different. Appellant does not address the testimony of other witnesses, in particular, that of Ramiro Sanchez. Detective Sanchez' testimony supports appellant's possession of the methamphetamine and his intent to deliver it. Appellant also ignores the testimony of Trooper Burtnett supporting appellant's possession of the methamphetamine. Thus, even if the trial court had ruled that the extraneous conduct of which appellant complains was inadmissible, appellant has not shown a reasonable probability that the result would have been different. Appellant's third point of error is overruled.

Having overruled each of appellant's three points of error, we affirm the trial court's judgment.

James T. Campbell
Justice

Do not publish.

12