Opinion issued
June 16, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00429-CR

NO. 01-10-00430-CR

———————————

BOB
NICHOLS NORFLEET, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 230th District Court

Harris County, Texas



Trial
Court Case Nos. 1259446 & 1259447

 



 

 

MEMORANDUM  OPINION

          Following
a joint trial on two separate indictments, a jury found appellant guilty in
each case of the offense of aggravated assault.[1]  Because each indictment alleged that
appellant had caused the complainant serious bodily injury by using a deadly
weapon, namely, a motor vehicle, the trial court included an affirmative
deadly-weapon finding in each judgment of conviction.  

Appellant elected to the
have the trial court assess punishment.  Appellant
had two prior convictions for felony offenses. 
In accordance with the habitual offender statute, the trial court
sentenced appellant to 40 years in prison for each offense, with the sentences
to run concurrently.[2]  Appealing each judgment of conviction,
appellant raises one identical issue in each appeal complaining that the trial
court improperly allowed the admission of testimony that the trial court had previously
ruled should not be elicited.  

We affirm the judgment in
each appellate cause.

Background

          On the
morning of September 14, 2009, several high school students were boarding their
school bus when appellant, driving a Dodge Magnum, swerved around the bus and
struck three of the children.  Two of the
children, M.G. and S.A., sustained broken bones and other serious bodily
injuries.  A number of witnesses, who had
either witnessed the incident or had seen the Dodge Magnum in the area, helped
the police determine that Kimberly Means, appellant’s girlfriend, owned the
vehicle.  After speaking with Means,
appellant became the focus of the investigation.

          The
police later arrested appellant at Means’s apartment.  The police informed appellant of his
statutory rights, after which appellant stated that he did not want to speak to
the police until he could talk to an attorney. 
Appellant was handcuffed and placed in the back of a patrol car.  

After the police spoke to
her, Means got in the back of the patrol car with appellant to talk to
him.  During the conversation, appellant
made incriminating statements to Means.  Appellant disclosed to Means the location
where he had secreted the Dodge Magnum, which was later found with damage
consistent with hitting the children.  

Unknown to appellant, the
patrol car was equipped with a video recording device, and his statements to
Means were recorded.  Before trial, appellant
filed a written motion to suppress the video of his recorded statement obtained
in the patrol car.  Appellant asserted
that Means was acting as an agent for the police when he spoke to her in the
back of the police car.  Appellant
pointed out that he had invoked his right to counsel.  He asserted that the recorded statement was
taken in violation of his constitutional rights to counsel and against
self-incrimination.  

Appellant’s motion to
suppress remained pending when trial began. 
Appellant orally urged his motion to suppress at trial.  On the second day of trial, the trial court
orally ruled that no mention could be made that the patrol car in which
appellant was placed after his arrest had a recording device.  Appellant’s motion to suppress remained
pending.

On the third day of trial,
the following exchange occurred between the prosecutor and State’s witness, Deputy
W. Harrah:

Q:  Briefly I want to talk to you about your
patrol car.  Is it a marked

vehicle?

 

A:  Yes.

 

Q:  And does it have the lights and all the fancy
things that police cars

have?

 

A:  Yes.

 

Q:  Is your car also equipped with a video camera?

 

A:  Yes.

 

Q:  Is that video camera capable of accurately
recording things?

 

A:  Yes.

 

Q:  And was it working properly on that day?

 

A:  Yes.

 

Q:  And is it possible to record the activity with
the video recorder in

your actual
vehicle?

 

A:  Yes.

 

The defense did not object that the testimony
violated the trial court’s ruling from the day before that the recording device
not be mentioned.  The next day the
defense re-urged its motion to suppress and presented argument to the trial
court in support of the motion.  The
defense did not point out or object that Deputy Harrah’s testimony the day
before had mentioned the recording device in violation of the trial court’s
earlier oral ruling that the device not be mentioned.  

On the fifth day of trial,
the trial court granted appellant’s motion to suppress the videotaped statement
from the patrol car.  In supporting of
its ruling, the trial court determined:

Given the testimony of this last witness that Ms. Means
requested to be allowed to speak with the defendant and given the fact that the
police were aware that her purpose for doing so was to visit with him about the
whereabouts of the vehicle, knowing that the defendant had already exercised
his right to remain silent, knowing, at least from the Court’s review, that
there was a recording device operating, at least it appeared to the Court, from
the time that Mr. Norfleet was placed in the back seat of the patrol car—and I don’t think the
police are permitted to circumvent a right to remain silent to put a witness
inside the vehicle, whether they did so through an agency relationship or not,
and record that statement and be allowed to use at a later time.  And so, the Motion to Suppress is granted.

 

Pursuant to the trial court’s ruling, the videotape
was not admitted into evidence.  

The jury found appellant
guilty of two offenses of aggravated assault with a deadly weapon as charged in
the indictments.  The trial court
sentenced appellant to 40 years in prison for each offense with the sentences
to run concurrently.  These appeals
followed.  

No Preservation of Appellate
Complaint 

In each appeal, appellant
raises one point of error complaining of Deputy Harrah’s testimony regarding
the patrol car’s recording device.  Appellant
argues that the trial court erred when it allowed the State to question Deputy
Harrah about the recording device in the presence of the jury because the trial
court had previously ruled that no mention should be made of the recording
device, pending the ruling on appellant’s motion to suppress.  Appellant further asserts as follows:

. . . Appellant’s motion to suppress was granted but only
after the trial court allowed the state to lay the foundation of an audio and
video statement . . . .  The jury was
allowed to hear of the presence of an audio and video statement the Appellant
made with Mrs. Means in the back of the police car.  The defense properly objected to the
introduction of this audio and video statement.  The trial court ruled that there would be no
mention of the presence of an audio and video statement made by Mr. Norfleet
and Mrs. Means until after the defense’s motion to suppress was ruled upon,
however the trial court then allowed the state to lay the foundation of this
audio and video tape in the presence of the jury which the Appellant believes
tainted the jury’s opinion of the defendant’s guilt.  After hearing that an audio and video
statement was made in the back of the patrol car by Mr. Norfleet and Mrs.
Means, the jury reasonably believed that this was a confession that was being
kept from the jury.

 

          We
agree with the State that appellant has not preserved his complaint for
appellate review because he failed to raise any objection in the trial court
regarding Deputy Harrah’s testimony concerning the patrol car’s recording
device.  In many respects, the trial
court’s ruling, made pending its ruling on the motion to suppress, was akin to
an order granting a motion in limine.  See Thierry v.
State, 288
S.W.3d 80, 86 (Tex. App.—Houston [1st Dist.] 2009,
pet. ref’d) (explaining that “[a] motion in limine is a method of raising
objection to an area of inquiry prior to the matter reaching the ears of the
jury through a posed question, jury argument, or other means” and is “by its
nature, subject to reconsideration by the court throughout the course of the
trial”).  Similar to the ruling at issue
here, a ruling on a motion in limine does not purport to be one on the merits
but one regarding the administration of the trial.  Harnett
v. State, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref’d).

As the Court of Criminal Appeals explained, “The
violation of a motion in limine may entitle a party to relief, but any remedies
available with regard to such a violation are with the trial court.  If its order has been violated, the trial
court may apply the sanctions of contempt or take other appropriate action.”  Brazzell
v. State, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972).  Thus, “‘[f]or error to be preserved with
regard to the subject matter of [a] motion in limine, it is absolutely
necessary that an objection be made at the time when the subject is raised
during the trial.’”  Wilkerson v. State, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994)
(quoting Gonzales v. State, 685
S.W.2d 47, 50 (Tex. Crim. App. 1985)).

          In
short, to preserve an issue for appellate review, a timely and specific
objection is required.  Layton v. State, 280 S.W.3d 235, 238–40
(Tex. Crim. App. 2009); see also Tex. R. App. P. 33.1(a) (requiring timely and
specific objection stating grounds with sufficient clarity to advise trial
court of basis for complaint); Tex. R. Evid. 103(a)(1) (requiring
party to timely object when evidence is admitted).  Only two exceptions apply
to the contemporaneous-objection requirement, and neither is applicable here.  First, a party may obtain a “running
objection” to the evidence.  See Ford v. State, 919 S.W.2d 107, 113
(Tex. Crim. App. 1996); Ethington v.
State, 819 S.W.2d 854, 858–59 (Tex. Crim. App. 1991).  Here, the record does not reflect that appellant
made or obtained a running objection to the admission of the evidence of which
he now complains.  

The second exception is provided by Rule of Evidence 103:
“When the court hears objections to offered evidence out of the presence of the
jury and rules that such evidence be admitted, such objections shall be deemed
to apply to such evidence when it is admitted before the jury without the
necessity of repeating those objections.”  Tex. R.
Evid. 103(a)(1).  Thus, Rule
103(a)(1) contemplates a situation in which a trial court has overruled a party’s
objection and has admitted the complained-of evidence; that is, when a party
obtains an adverse ruling on a motion to exclude or suppress evidence.  See,
e.g., Geuder v. State, 115 S.W.3d 11, 14 (Tex. Crim. App. 2003).  Rule 103(a)(1) does not excuse a party from
objecting when, as here, evidence is admitted in alleged violation of an
earlier ruling by the court.  See Tex.
R. Evid. 103(a)(1).  We conclude that appellant waived any error regarding
the admission of Deputy Harrah’s testimony concerning the recording device in
the patrol car because appellant failed to object to the testimony in the trial
court on the ground that he now raises on appeal.  See Tex. R. App. P. 33.1(a).

We overrule appellant’s sole
point of error in each appeal.

Conclusion

          We
affirm the judgments of the trial court.

 

 

Laura Carter Higley

                                                                   Justice


 

Panel consists of
Justices Higley, Brown, Halbach.[3]

 

Do not
publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. §
22.02(a)(2) (Vernon Supp. 2010).





[2]           See
Tex. Penal Code Ann. § 12.42 (Vernon Supp. 2010).





[3]           The Hon. Joseph “Tad” Halbach, Judge
of the 333rd District Court of Harris County, participating by assignment.