

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00161-CR

TERRY LEE MCELROY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY
TRIAL COURT NO. CR18461

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Terry Lee McElroy of continuous sexual abuse of a child under fourteen years of age. Appellant pleaded true to two prior felony convictions, and the trial court sentenced him to a mandatory life sentence. Appellant brings a single issue on appeal, arguing that the trial court reversibly erred in sustaining the State's objection to his voir dire question. Because, on

---

[1]*See* Tex. R. App. P. 47.4.

this record, the trial court committed no reversible error, we affirm the trial court's judgment.

In a hearing outside the presence of the jury, styled a hearing on the State's motion in limine, Appellant stated his intention to ask the following question on voir dire:

> You have heard evidence that the Defendant has been previously convicted of a crime. Could you still give him a fair trial and listen to the evidence presented in this trial and decide the case based upon the evidence presented in this trial or would the knowledge that he had had that conviction prevent you from being able to fairly assess the evidence in this specific case?

The State objected to the question as an improper commitment question under *Standefer v. State*.[2] In response to the State's objection, the following exchange took place:

> [STATE]: . . . [W]e don't have an objection to instructing the jury that there has to be evidence to prove this case beyond a reasonable doubt and that the State must prove their case beyond a reasonable doubt and you can't base it only and solely on the fact that he, meaning the Defendant, has been previously convicted of a bad act or other sexual offense.
>
> We submitted a proposed instruction to the Court for your consideration to -- to get to --
>
> THE COURT: Okay. And you have submitted that. And then you reviewed the State's proposed instruction. And what is your objection to the State's proposed instruction?
>
> [APPELLANT]: I have no objection to the State's instruction; however, I don't believe it goes far enough. The legislature --

---

[2]59 S.W.3d 177 (Tex. Crim. App. 2001).

THE COURT: Okay. Here's what I'm going to do. . . .

. . . I have reviewed the instruction asked by the State or proposed by the State in this particular case. I think that the instruction proposed by the State, first of all, follows, for the most part, the statute.

Secondly, it's very similar to the instruction usually given in the charge by the Court to the jury, and I'm going to deny your requested instruction on behalf of the Defendant. And if you would print that out, obviously, and have that marked by the court reporter so that it is in the record. And the Court is going to accept the State's proposed instruction on this issue and tell the Defendant if it wishes to, it may use this instruction -- or the State can in voir dire.

In order to preserve a complaint for appellate review, a party must make a timely objection to the trial court, stating the specific grounds for the ruling he desires the trial court to make.[3]

As our sister court in Houston has explained,

Texas Rule of Appellate Procedure 33.1 sets forth clear requirements for the preservation of error. It provides: "As a *prerequisite* to presenting a complaint for appellate review, the record must show" that "the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A) (emphasis added). The record also must show that the trial court either "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." Tex. R. App. P. 33.1(a)(2)(A), (B). A complaint must "be clear enough to provide the judge and the opposing party an opportunity to address and, if necessary, correct the purported

---

[3]Tex. R. App. P. 33.1(a); *King v. State*, 953 S.W.2d 266, 268 (Tex. Crim. App. 1997).

3

error." *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011) (citing *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009)).[4]

We have examined the record and nowhere during the relevant exchange does it appear that the lawyers and the judge are all in the same conversation. Appellant's counsel states he wants to ask the question before us during voir dire. The State responds with an objection and shifts the conversation to a requested jury instruction. The trial judge inquires whether Appellant's counsel objects to the State's requested instruction. He responds that he does not, but shifts the conversation to his motion to quash the indictment, which was denied.

As the Austin Court of Appeals has pointed out,

It is axiomatic that motions in limine do not preserve error. *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988); *Maynard v. State*, 685 S.W.2d 60, 64 (Tex. Crim. App. 1985). This is true whether the motion is granted or denied. *Willis v. State*, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989); *Webb*, 760 S.W.2d at 275. A ruling on a motion in limine does not purport to be one on the merits but one regarding the administration of the trial. The remedy for a violation of a ruling on a motion in limine rests with the trial court. *Brazzell v. State*, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972); *Wade v. State*, 814 S.W.2d 763, 765 (Tex. App.—Waco 1991, no pet.). The trial court may hold the litigant or attorney in contempt or use other remedies or sanctions. *Brazzell*, 481 S.W.2d at 131. Even if there has been a violation of the order on the motion in limine, it is incumbent that a party object to the admission or exclusion of evidence or other action in order to preserve error for appeal. *Id.*[5]

---

[4]*Joyner v. State*, No. 01-16-00775-CR, 2018 WL 1725905, at *1 (Tex. App.—Houston [1st Dist.] Apr. 10, 2018, pet. filed).

[5]*Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd).

The State argues that the proposed question was an improper commitment question under *Standefer v. State*[6] because it sought to commit the venire to a verdict contrary to the law, specifically Article 38.37 of the Texas Code of Criminal Procedure.

Although there was a discussion of an instruction, that instruction appears to be a jury charge instruction, not a voir dire question. Indeed, the trial judge specifically said, "I'm going to deny your requested instruction on behalf of the Defendant. [sic]"

Appellant responded,

Your Honor, we filed, as a prerequisite to or requisite, however you'd like to couch it -- a motion to quash is typically the vehicle which constitutionality is charged. We filed a motion to quash.

The trial judge announced he was denying the motion, without further explanation.

We have searched the record for evidence of Appellant's preservation of his complaint that the trial court improperly sustained the State's objection to his proposed voir dire question. Indeed, we find no ruling sustaining or overruling the State's objection. Appellant referred to a motion to quash in response to the trial court's ruling granting the State's proposed jury instruction. The only motion to quash we find in the record is a motion to quash the indictment. We find no other attempt to preserve his complaint on appeal and no ruling on his proposed

---

[6]59 S.W.3d at 180–81.

5

voir dire question. Accordingly, we overrule Appellant's sole issue and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot

LEE ANN DAUPHINOT
JUSTICE

PANEL: WALKER and PITTMAN, JJ.; and LEE ANN DAUPHINOT (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 21, 2018